DECISION. *Page 2 
{¶ 1} Asina Valentine went to a downtown hotel to perform an exotic dance for a group of men who she later discovered were undercover police officers. After Valentine performed her dance, the officers arrested her because she did not have a license. She was charged with violating Cincinnati Municipal Code 899-5(b), which states, "[I]t shall be unlawful for any person to be an employee of a sexually oriented business in the city of Cincinnati without a valid license."
 {¶ 2} Valentine moved to dismiss the charge because the ordinance did not specify a culpable mental state. The trial court refused, and Valentine pleaded no contest.
 {¶ 3} In its explanation of the circumstances, the state said that "the defendant was unlawfully operating a sexually-oriented business * * * without a valid license, where the defendant did not have a valid license to operate a sexually-oriented business in the City of Cincinnati. [The defendant] performed an exotic dance in front of undercover officers without a license, and the City of Cincinnati does not have a license issued to Asina Valentine or any business that is of Asina Valentine." Valentine did not add to these facts, and the complaint was not read into the record. Based on these facts and her no-contest plea, Valentine was convicted.
 {¶ 4} Valentine now appeals her conviction. In her sole assignment of error, she argues that the trial court erred by finding her guilty of violating the ordinance. She does not contest the decision of the trial court denying her motion to dismiss. Valentine argues that, because the ordinance contained no culpable mental state, the state was required to "prove a culpable mental state of recklessness in order to sustain a conviction." The city of Cincinnati claims that the ordinance requiring a *Page 3 
license imposed strict liability. We need not address this particular issue because the explanation of circumstances was insufficient to support a conviction for violating Cincinnati Municipal Code 899-5(b) — regardless of the appropriate mental state.
 Explanation of Circumstances was Deficient {¶ 5} "A plea to a misdemeanor offense of `no contest' or words of similar import shall constitute a stipulation that the judge or magistrate may make a finding of guilty or not guilty from theexplanation of the circumstances of the offense."[1] To find the defendant guilty, the explanation of circumstances must contain sufficient information to support all the essential elements of the offense.[2] When the explanation of circumstances fails to satisfy all the elements of an offense, the defendant has a substantive right to be discharged by a finding of not guilty.[3]
 {¶ 6} In this case, Valentine was charged with being an employee of a sexually-oriented business without a license. But the explanation of circumstances did not establish that she was an employee of a sexually-oriented business. In fact, the state alleged that she was actually operating the sexually-oriented business. Doing so without a license might have been a violation of Cincinnati Municipal Code 899-5(a), but she was not charged with that offense. While there was a statement in the record that Valentine had been employed by an entity called Naughty Bodies, this statement was made during the mitigation phase of the hearing, after Valentine had been found guilty. *Page 4 
 {¶ 7} Because we have determined that the state failed to establish that Valentine was an employee of a sexually-oriented business, it is not necessary to determine whether the state was required to plead and prove that Valentine had acted recklessly. This is especially true where, as here, Valentine has not challenged the decision of the trial court denying her motion to dismiss on that basis. Under these circumstances, it is not necessary to conduct any analysis of the commonly accepted and well-founded concept of criminal strict liability. Our role in our constitutional system is to decide the issues before us and to limit our pronouncements in such a way that they address only the issues necessary to adjudicate the controversy before us. Such restraint is the hallmark of separate branches of government and insures that the body afforded legislative authority is the body that legislates.
 {¶ 8} We recognize the necessary existence of certain criminal strict-liability statutes. It does not violate the common good or fundamental fairness to place the prohibition of operating a sexually-oriented business without a license into this category, along with a myriad of other strict-liability offenses such as speeding, driving under the influence, and violating the many other licensing requirements for conducting business in the city. This court has previously rejected the position that "[m]aking criminals of those who do not have criminal intent flies in the face of common sense, fundamental fairness, and the purpose of criminal law."[4]
 {¶ 9} In this case, the state simply failed to set forth an explanation of circumstances that included all the elements of the offense charged. For this reason, *Page 5 
the trial court erred when it found Valentine guilty. We accordingly reverse Valentine's conviction and discharge her from further prosecution.
Judgment reversed and appellant discharged.
HENDON, J., concurs.
PAINTER, P.J., concurs in judgment only.
[1] R.C. 2937.07 (emphasis added).
[2] Cuyahoga Falls v. Bowers (1984), 9 Ohio St.3d 148, 150,459 N.E.2d 532; State v. Gilbo (1994), 96 Ohio App.3d 332, 337, 645 N.E.2d 69.
[3] Bowers at 150, quoting Springdale v. Hubbard (1977),52 Ohio App.2d 255, 259-260, 369 N.E.2d 808; State v. Alexander, 1st Dist. No. C-030647, 2004-Ohio-5995, ¶ 12.
[4] State v. Chumbley, 128 Ohio App.3d 323, 714 N.E.2d 968 (Painter, J., dissenting).