[Cite as *Berea v. Moorer*, 2016-Ohio-3452.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103293**

## CITY OF BEREA

PLAINTIFF-APPELLEE

vs.

## NAKIA N. MOORER

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED AND REMANDED

Criminal Appeal from the
Berea Municipal Court
Case No. 15 TRC 01121

**BEFORE:** E.T. Gallagher, P.J., S. Gallagher, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** June 16, 2016

**ATTORNEY FOR APPELLANT**

Mark M. Jablonski
Law Office of Mark M. Jablonski
26846 Cranage Road
Olmsted Falls, Ohio 44138


**ATTORNEYS FOR APPELLEE**

James N. Walters
Law Director / Prosecutor
City of Berea

BY:    Danielle Swisher
Assistant Prosecuting Attorney
31 E. Bridge Street, Suite 302
P.O. Box 297
Berea, Ohio 44017

EILEEN T. GALLAGHER, P.J.:

**{¶1}** Defendant-appellant, Nakia N. Moorer ("Moorer"), appeals from her convictions following a no contest plea in the Berea Municipal Court. She raises the following three assignments of error for our review:

> 1. Appellant's plea was not made knowingly, voluntarily, and intelligently due to the ineffective assistance of her trial counsel.[1]
>
> 2. The trial court committed reversible error when it found appellant guilty without calling for an explanation of the circumstances as required by R.C. 2937.07, and without which there were no facts in evidence to support the offense charged.
>
> 3. The trial court erred by finding appellant guilty of OVI when it improperly accepted her plea despite the fact that appellant did not actually tender a plea of no contest.

**{¶2}** After careful review of the record and relevant case law, we vacate Moorer's plea, discharge her with respect to the OVI conviction, and remand for proceedings consistent with this opinion.

### I. Procedural History

**{¶3}** In March 2015, the city of Berea (the "City") charged Moorer with one count of OVI in violation of R.C. 4511.19(A)(1)(a), a misdemeanor of the first degree, and

---

[1] On October 27, 2015, this court denied Moorer's motion to supplement the record with a toxicology laboratory report. At oral argument, Moorer requested this court to reconsider its denial of her motion to supplement the record. After careful consideration, we deny Moorer's request for reconsideration, because the toxicology report was not before the trial court during the plea proceedings.

three minor misdemeanor traffic offenses in violation of Berea Codified Ordinances ("B.C.O.") 713.03, 731.08, and 731.10.

{¶4} In June 2015, Moorer pleaded no contest to one count of OVI in violation of R.C. 4511.19(A)(1)(a), and one count of "improper turn" in violation of B.C.O. 731.10. The remaining counts were nolled by the City. The trial court accepted the plea and found Moorer guilty of both counts.

{¶5} At sentencing, the trial court ordered Moorer to serve three days in jail, imposed a $500 fine plus court costs, suspended Moorer's driver's license for 180 days, and imposed a one-year term of nonreporting community control. Moorer was given credit for attending a 72-hour Driver Intervention Program. On the minor misdemeanor traffic offense, the trial court imposed a $10 fine.

{¶6} Moorer now appeals from her no contest plea.

## II. Law and Analysis

### A. R.C. 2937.07 — Explanation of Circumstances

{¶7} For the purposes of judicial clarity, we review Moorer's assignments of error out of order. In her second assignment of error, Moorer argues the trial court committed reversible error when it found her guilty without calling for an explanation of the circumstances as required by R.C. 2937.07.

{¶8} R.C. 2937.07, which governs no contest pleas in misdemeanor cases, states:

> A plea to a misdemeanor offense of "no contest" or words of similar import shall constitute an admission of the truth of the facts alleged in the complaint and that the judge or magistrate may make a finding of guilty or not guilty from the explanation of the circumstances of the offense.

{¶9} Under R.C. 2937.07, when a trial court finds a defendant guilty after that defendant has entered a no contest plea, the record must provide an "explanation of circumstances" that includes a statement of the facts supporting all of the essential elements of the offense. *Chagrin Falls v. Katelanos*, 54 Ohio App.3d 157, 561 N.E.2d 992 (8th Dist. 1988), paragraph four of the syllabus; *Cuyahoga Falls v. Bowers*, 9 Ohio St.3d 148, 150, 459 N.E.2d 532 (1984). An explanation of circumstances is required so that the trial court does not simply make the finding of guilty in a perfunctory fashion. *Bowers*, at 150. Moreover, "the mere fact that the court's record includes documents which could show the defendant's guilt will not suffice. If the prosecution relies on such documents, the record must show that the court considered them." *Katelanos* at 158, citing *Bowers* at 151.

{¶10} As the Ohio Supreme Court explained:

> The question is not whether the court could have rendered an explanation of circumstances sufficient to find appellant guilty based on the available documentation but whether the trial court made the necessary explanation in this instance. Our review of the record indicates that no explanation of circumstances took place, notwithstanding the availability of documentary evidence that might have been the basis for meeting the statutory requirement. Therefore, appellee's contention that the trial court fulfilled the obligations imposed by R.C. 2937.07 is without merit and the plea must be vacated.

*Bowers* at 151.

{¶11} In addition, the Ohio Supreme Court noted in *Bowers* that although Crim.R. 11 provides that a plea of no contest is an admission of the truth of the facts in the complaint, R.C. 2937.07 provides a criminal defendant with the "substantive right" to

require of the trial court an explanation of circumstances following a plea of no contest. *Id.* at 151. As such, Crim.R. 11 does not supersede the requirements of R.C. 2937.07. *Id.*

{¶12} In this case, Moorer pleaded no contest to OVI in violation of R.C. 4511.19(A)(1)(a), a misdemeanor of the first degree. At the plea hearing, the following exchange took place:

> THE COURT: [Defense counsel], you've talked to the prosecutor and my understanding, you've convinced her to dismiss the continuous lanes and the red light charge. And — and one of those — or both of those would be at the City's cost. It that your understanding?
>
> DEFENSE COUNSEL: That's correct, your Honor.
>
> THE COURT: It would be dismissed at City's costs. And then Ms. Moorer is going to plead to the improper turn and the DUI?
>
> DEFENSE COUNSEL: That's correct, your Honor.
>
> THE COURT: What would be the plea to those two charges?
>
> DEFENSE COUNSEL: No contest, your Honor. We stipulate to the facts and [finding] of guilt[ ].
>
> THE COURT: Ms. Moorer, you know that [defense counsel] is an excellent lawyer[?]
>
> MOORER: Yes.

THE COURT: I'm sure he's reviewed with you the consequences of the no contest plea?

MOORER: Yes.

* * *

THE COURT: So accepting the no contest plea, (inaudible) find guilty.

**{¶13}** Based on the foregoing colloquy, it is evident that the trial court "offered no explanation of what circumstances gave rise to the finding of guilty." *See State v. Herbst*, 6th Dist. Lucas No. L-03-1238, 2004-Ohio-3157. We recognize that defense counsel "stipulated to the facts and finding of guilt" following Moorer's no contest plea. However, there was no explicit waiver of the reading of the facts or explanation of circumstances. *See State v. Parsons*, 6th Dist. Wood No. WD-99-022, 2000 Ohio App. LEXIS 1060, * 4 (Mar. 17, 2000) ("[A]lthough appellant stipulated to the facts * * *, no explanation of circumstances was officially entered from which the trial court could make its findings."). *See also State v. Schornak*, 2d Dist. Greene No. 2014-CA-59, 2015-Ohio-3383, ¶ 12, citing *State v. Roland*, 2d Dist. Champaign No. 2005 CA 39, 2006-Ohio-3517, ¶ 7 (finding that an offender's stipulation of guilt upon pleading no contest does not waive the explanation of circumstances requirement). Accordingly, we find the trial court failed to comply with its affirmative duty to provide an explanation of the circumstances under R.C. 2937.07.

**{¶14}** The trial court's error was more than a procedural error, the trial court made its finding of guilt in a perfunctory fashion, contrary to the Ohio Supreme Court's holding in *Bowers*, 9 Ohio St.3d at 150, 459 N.E.2d 532, and in violation of the substantive right conferred by R.C. 2937.07.

### B. Double Jeopardy

**{¶15}** Having found the trial court failed to comply with the requirements of R.C. 2937.07, we next address the remedy for this noncompliance. This court has not specifically addressed the impact of the failure to elicit an explanation of circumstances on the attachment of double jeopardy, but numerous appellate districts have.

**{¶16}** For instance, in *State v. Stewart*, 2d Dist. Montgomery No. 19971, 2004-Ohio-3103, the Second District held:

> Under R.C. 2937.07, when a no-contest plea is accepted in a misdemeanor case, the explanation of circumstances serves as the evidence upon which the trial court is to base its finding of guilty or not guilty. Here, that evidence was insufficient to support a conviction. When a conviction is reversed for insufficiency of the evidence, jeopardy has attached, and a remand for a new determination of guilt or innocence is barred by double jeopardy. *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978). Thus, Stewart is entitled to the reversal of his conviction, and to be discharged.

**{¶17}** The Third District reached the same conclusion in *State v. Horvath*, 3d Dist. Seneca No. 13-15-10, 2015-Ohio-4729, ¶ 18, employing substantially similar language in its reasoning:

> Under R.C. 2937.07, when a plea of no contest is accepted in a misdemeanor case, the explanation of circumstances serves as the evidence upon which the trial court is to base its finding of guilty or not guilty. Here, the evidence was insufficient to support Horvath's conviction. When a conviction is reversed due to insufficient evidence, jeopardy attaches, and a remand for a new determination of guilt or innocence is prohibited by the Double Jeopardy Clauses of the Fifth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution.

**{¶18}** Similarly, the Fifth District held in *State v. Smyers*, 5th Dist. Muskingum No. CT 2004-0039, 2005-Ohio-2912, ¶ 17-19:

> [W]e find the failure to provide the "explanation of circumstances" was not trial error, but instead resulted in insufficient facts to support a finding of guilt. If a judge does not find sufficient facts to support a finding of guilt, he or she may dismiss the charge or find the defendant guilty of a lesser included offense which is shown by those alleged facts. *State v. Thorpe*, 9 Ohio App.3d 1, (1983), paragraph two of the syllabus. * * * Thus, we conclude double jeopardy attached when we reversed this matter on the basis of insufficient evidence for failure to comply with R.C. 2937.07.

**{¶19}** Consistent with the Second, Third, and Fifth Districts, the Sixth District held in *State v. Lloyd*, 6th Dist. Lucas No. L-15-1035, 2016-Ohio-331, ¶ 28:

[the] failure to comply with R.C. 2937.07 * * * is more than mere trial error, but is instead a failure to establish facts sufficient to support a conviction. As such, double jeopardy attaches, thereby preventing the state from getting a second chance to meet its burden.

**{¶20}** And, in *State v. Fordenwalt*, 9th Dist. Wayne No. 09CA0021, 2010-Ohio-2810, ¶ 11, the Ninth District held:

Mr. Fordenwalt has argued that, because there was no explanation of the circumstances, he should be discharged. As noted earlier, under Section 2937.07, "[a] plea to a misdemeanor offense of 'no contest' . . . shall constitute a stipulation that the judge or magistrate may make a finding of guilty or not guilty from the explanation of the circumstances of the offense." If the record does not contain an explanation of circumstances upon which the court can predicate a finding of guilty, it is the duty of the court to find the defendant not guilty. *State v. Stewart*, 2d Dist. No. 19971, 2004-Ohio-3103, 2004 WL 1352628 at *3. Moreover, "[if] a conviction is reversed for insufficiency of the evidence, jeopardy has attached, and a remand for a new determination of guilt or innocence is barred by double jeopardy." *Id.* The defendant "is entitled to the reversal of his conviction, and to be discharged." *Id.*; see also *State v. Valentine*, 1st Dist. Hamilton No. C-070388, 2008-Ohio-1842, ¶ 9; *State v. Smyers*, 5th Dist. Muskingum No. CT 2004-0039, 2005-Ohio-2912, ¶ 19; *State v. Hoskins*, 12th Dist. Butler No. CA98-07-143, 1999 Ohio App. LEXIS 2669, * 8 (June 14, 1999).

**{¶21}** In addition to the above cases, other appellate districts, including this district, have determined without explicitly addressing whether double jeopardy attached, that the defendant must be discharged where the trial court enters a finding of guilt without eliciting an explanation of circumstances. *See, e.g., Broadview Hts. v. Krueger*, 8th Dist. Cuyahoga No. 88998, 2007-Ohio-5337, ¶ 17 ("Judgment reversed and case remanded. The trial court is ordered to vacate Krueger's conviction, discharge her with respect to the conviction, and return Krueger's payment of the fine imposed for the

conviction."); *Youngstown v. Rawson,* 7th Dist. Mahoning Nos. 91 C.A. 15, and 91 C.A. 16, 1992 Ohio App. LEXIS 1343, * 9-10 (Mar. 24, 1992) ("While the court had sufficient documentary evidence to find the appellants guilty, the court did not render the necessary explanation of circumstances into the record. * * * The judgment of the trial court is reversed and the appellants are discharged."); *Hamilton v. Hoskins*, 12th Dist. Butler No. CA98-07-143, 1999 Ohio App. LEXIS 2669, * 7-8 (June 14, 1999) ("In light of all of the foregoing, we find that the prosecutor's total lack of explanation of circumstances fails to state facts sufficient to establish all the elements of the charge. As a result, under R.C. 2937.07 and the principles enunciated under *Bowers* and *Hubbard*, appellant has a substantive right to be discharged by a finding of not guilty.").

**{¶22}** Based on the foregoing case law, we find that a trial court's failure to comply with R.C. 2937.07 is more than mere trial error, but is instead a failure to establish facts sufficient to support a conviction. As such, double jeopardy attaches, thereby preventing the state from getting a second chance to meet its burden. For these reasons, we find that Moorer must be acquitted of the OVI offense. With respect to the improper turn offense, we reverse and remand for a new plea hearing.

**{¶23}** Accordingly, Moorer's second assignment of error is sustained.

**{¶24}** Based on our disposition of Moorer's second assignment of error, her remaining assignments of error are rendered moot and need not be considered. App.R. 12(A)(1)(c).

### III. CONCLUSION

**{¶25}** For the foregoing reasons, we find Moorer's second assignment of error well taken, and we decline to address her first and third assignments of error. We reverse the trial court's judgment and discharge Moorer's OVI conviction. With respect to her conviction under B.C.O. 731.10, we vacate her plea and remand the matter to the trial court for further proceedings consistent with this opinion.

**{¶26}** Judgment reversed and case remanded. The trial court is ordered to vacate Moorer's plea, discharge her with respect to the OVI conviction, and return her payment of the fine imposed for the conviction.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Berea Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

EILEEN T. GALLAGHER, PRESIDING JUDGE

PATRICIA ANN BLACKMON, J., CONCURS;
SEAN C. GALLAGHER, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE OPINION

SEAN C. GALLAGHER, J., CONCURRING IN PART AND DISSENTING IN PART:

**{¶27}** I concur with the majority's disposition of the OVI count, but dissent from the conclusion to remand the "improper turn" conviction for a new plea hearing. The

defendant did not appeal the $10 fine or her plea to the minor misdemeanor. Further, R.C. 2937.07 does not impose the "explanation of the circumstances requirement" upon no contest pleas entered for minor misdemeanors. In 2010, the legislature amended R.C. 2937.07 to exclude minor misdemeanors from the explanation-of-circumstances requirement. Our prior case law either predated or failed to consider the impact of the amendment. *See, e.g., Broadview Hts. v. Krueger*, 8th Dist. Cuyahoga No. 88998, 2007-Ohio-5337, ¶ 13. As a result, there is no legal basis for reversing the minor misdemeanor conviction for the improper turn and I would affirm that portion of the conviction.

{¶28} I agree that the judgment on the OVI count should be reversed and the case remanded for the sole purpose of vacating Moorer's OVI conviction and discharging her with respect to that conviction and for the return of any payment of fines imposed upon that conviction.