[Cite as *State v. Jones*, 2016-Ohio-6987.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**ASHTABULA COUNTY, OHIO**

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2015-A-0068** |
| GLORIA A. JONES, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula Municipal Court, Case No. 07 CRB 00630.

Judgment: Affirmed.

*Michael Franklin,* Ashtabula City Solicitor, and *Lori B. Lamer,* Assistant Ashtabula City Solicitor, Ashtabula Municipal Court, 110 West 44th Street, Ashtabula, OH 44004 (For Plaintiff-Appellee).

*Gloria A. Jones,* pro se, 5520 Nathan Avenue, Ashtabula, OH 44004 (Defendant-Appellant).

CYNTHIA WESTCOTT RICE, P.J.

{¶1} Appellant, Gloria A. Jones, appeals from the judgment of the Ashtabula Municipal Court's denial of her Motion to Vacate Void Conviction for Lack of Subject-Matter Jurisdiction. We affirm the trial court's denial.

{¶2} On April 23, 2007, appellant returned home at approximately 8:00 a.m. from working an extended shift as an STNA at a nursing facility. After her husband left to take their sons to school, appellant locked the front door, and took her four year old

daughter to her bedroom. Appellant set up a baby guard across the door, and went to sleep. Evidently, at some point, appellant's brother stopped by, and failed to properly secure the door to the house. The child managed to get outside, where she was seen wandering near the street by a neighbor. Appellant awoke and frantically called the police when she could not find her child. Sgt. Dibble of the Ashtabula Police responded, and the child was rescued. Sgt. Dibble issued appellant a summons in lieu of arrest.

{¶3} On April 26, 2007, appellant pleaded guilty in the trial court to one count of endangering children. The trial court sentenced her to three days in jail, and a $250 fine, both suspended if she was not charged in the coming year with a similar offense. No appeal was taken.

{¶4} In August 2015, appellant filed her motion to vacate her conviction with the trial court, alleging the trial court lacked jurisdiction over the 2007 misdemeanor. The state opposed, and the trial court denied her motion in a judgment entry filed August 31, 2015. This appeal timely ensued. Appellant assigns three errors for this court's review. Her first assignment of error provides:

{¶5} "Where the issuing officer failed to file a sworn original summons in lieu of arrest * * * as required by Crim.R. 4.1, the trial court erred in denying defendant-appellant's motion to vacate void conviction, as subject-matter jurisdiction was never invoked."

{¶6} Crim.R. 4(A)(3) governs circumstances in which a law enforcement officer issues a summons in lieu of arrest. It provides:

{¶7} In misdemeanor cases where a law enforcement officer is empowered to arrest without a warrant, the officer may issue a summons in lieu of making an arrest, when issuance of a summons appears reasonably calculated to assure the defendant's

2

appearance. The officer issuing the summons shall file, or cause to be filed, a complaint describing the offense. No warrant shall be issued unless the defendant fails to appear in response to the summons, or unless subsequent to the issuance of summons it appears improbable that the defendant will appear in response to the summons.

{¶8} Moreover, Crim.R. 4(C)(2) sets forth the requirements for a valid summons. It provides:

{¶9} The summons shall be in the same form as the warrant, except that it shall not command that the defendant be arrested, but shall order the defendant to appear at a stated time and place and inform the defendant that he or she may be arrested if he or she fails to appear at the time and place stated in the summons. A copy of the complaint shall be attached to the summons, except where an officer issues summons in lieu of making an arrest without a warrant, or where an officer issues summons after arrest without a warrant.

{¶10} Crim.R. 3 sets forth the requirements of a complaint. It provides: "The complaint is a written statement of the essential facts constituting the offense charged. It shall also state the numerical designation of the applicable statute or ordinance. It shall be made upon oath before any person authorized by law to administer oaths."

{¶11} On April 25, 2007, the citing officer filed a document entitled "Complaint – Affidavit-Summons" in the Ashtabula Municipal Court. It alleged on Monday, April 23, 2007, at 1318 P.M., at 5520 Nathan Avenue, Ashtabula, Ohio appellant "did then and there commit the following offense: ORC 2919.22A, Defendant did create a risk of physical harm to a child under 18 years of age." The document was signed by appellant. It was also sworn to and acknowledged by the citing officer before a deputy clerk on April 23, 2007. The instrument also provided "You are summoned to appear in the Ashtabula Municipal Court Ashtabula, Ohio 44004" on April 26, 2007, at 1:30 P.M.

3

{¶12} The document in question, from its face, functioned as a "summons in lieu of arrest" as well as a complaint. It ordered appellant to appear in court at a specified time. Moreover, it provided a written statement of the essential facts constituting the charge as well as the numerical designation of the statute appellant allegedly violated. It was also made upon oath before an individual authorized by law to administer oaths; namely, a deputy clerk. R.C. 1901.31(E) ("the clerk of a municipal court may do all of the following: administer oaths * * *."); R.C. 1901.31(H) ("each deputy clerk * * *, when so qualified, may perform the duties appertaining to the office of the clerk.") Finally, the officer's signature in the "complaint – affidavit – summons" was "sworn to and acknowledged before" the deputy clerk.

{¶13} The charging officer signed the "complaint – affidavit – summons" indicating the instrument was "sworn to and acknowledged before" the deputy clerk. The charging instrument in this matter was therefore sufficient.

{¶14} Appellant's first assignment of error is without merit.

{¶15} Appellant's second assignment of error provides:

{¶16} "If this court finds that the summons in lieu of arrest constitutes the criminal complaint, then in this case, it failed to charge each essential element of [R.C.] 2919.22(A), and wasn't properly sworn before the deputy clerk. The trial court erred in denying defendant's motion to vacate void conviction."

{¶17} Appellant maintains the complaint was deficient because it failed to allege she was reckless, an essential element of the crime of endangering children. We do not agree.

4

{¶18} The purpose of a charging instrument, such as a criminal complaint, is to give the defendant adequate notice of the charge. *See State v. Buehner*, 110 Ohio St.3d 403, 2006-Ohio-4707, ¶7. As discussed above, a criminal complaint must contain, in relevant part, "a written statement of the essential facts constituting the offense charged[.]" Crim.R. 3. The written statement "may be in the words of the applicable section of the statute, * * * or in words sufficient to give the defendant notice of all the elements of the offense with which the defendant is charged." Crim.R. 7(B). While recklessness is an essential element of the crime of endangering children, *State v. McGee*, 79 Ohio St.3d 193, 195 (1997), Crim.R. 3 does not require the complaint to track the language of the statute. *See e.g. State v. Sims*, 1st Dist. Hamilton Nos. C-150252, C-150253, 2015-Ohio-4996, ¶15.

{¶19} In this case, the complaint gave a brief description of the essential facts upon which the charge was premised. It also set forth the numerical statutory designation of the offense with which appellant was charged. Under the circumstances, we conclude details were sufficient to put appellant on notice of the charge.

{¶20} Appellant next asserts that because the "complaint – affidavit – summons" was filed on April 25, 2007, rather than April 23, 2007, the date the deputy clerk acknowledged the instrument, it was not properly sworn. Appellant cites no authority for this strange proposition. And we discern no legally compelling basis for holding the two-day lag between the acknowledgement date and the filing date should operate to nullify an otherwise valid acknowledgement.

{¶21} Appellant's second assignment of error lacks merit.

{¶22} Appellant's third assignment of error provides:

5

{¶23} "Where the trial court failed to inform defendant-appellant of the nature of the charge, found defendant-appellant guilty, and requested defendant appellant to explain the circumstances, the guilty plea is void."

{¶24} Where a defendant's plea of guilty is not voluntary and knowing, her right to due process has been violated and the plea is void. *McCarthy v. United States*, 394 U.S. 459, 466 (1969). "Moreover, because a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts." *Id.*

{¶25} Appellant first contends she was neither informed of the nature of the charge nor permitted to read the charging instrument, in violation of R.C. 2937.02(A)(1). That subsection provides:

{¶26} "When, after arrest, the accused is taken before a court or magistrate, or when the accused appears pursuant to terms of summons or notice, the affidavit or complaint being first filed, the court or magistrate shall, before proceeding further:

{¶27} "(1) Inform the accused of the nature of the charge and the identity of the complainant and permit the accused or counsel for the accused to see and read the affidavit or complaint or a copy of the affidavit or complaint;"

{¶28} The transcript of the arraignment, at which appellant appeared due to the "complaint – affidavit – summons," demonstrates the trial court advised appellant she was charged with child endangering. The trial court did not, however, offer or permit appellant the opportunity to read the instrument. Because the statute mandates that the court allow an accused to read the complaint, the trial court's failure to offer appellant the opportunity to do so was error. This error, however, does not suggest appellant's plea was not entered knowingly and voluntarily. To the contrary, appellant

acknowledged the charge and stated she understood the maximum penalty associated with the charge. She also stated she understood each of the rights she was waiving by pleading guilty. The trial court subsequently accepted her guilty plea after a full colloquy. The record demonstrates appellant's plea of guilty was entered knowingly and voluntarily. Accordingly, any error in failing to grant appellant the opportunity to read the charging instrument is harmless as a matter of law.

{¶29} Appellant next asserts the trial court failed to require the state to provide an "explanation of circumstances," as required by R.C. 2937.07. R.C. 2937.07 governs a court's action on guilty pleas and pleas of no contest for misdemeanor offenses. It provides, in relevant part:

> {¶30} "Upon receiving a plea of guilty, the court or magistrate shall call for an *explanation of the circumstances of the offense from the affiant or complainant or the affiant's or complainant's representatives* unless the offense to which the accused is pleading is a minor misdemeanor in which case the court or magistrate is not required to call for an explanation of the circumstances of the offense. After hearing the explanation of circumstances, together with any statement of the accused or after receiving the plea of guilty if an explanation of the circumstances of the offense is not required, the court or magistrate shall proceed to pronounce the sentence or shall continue the matter for the purpose of imposing the sentence." (Emphasis added).

{¶31} The record demonstrates that the trial court did not ask the state for an "explanation of circumstances." Instead, the court asked appellant to explain how the charges arose. After she did so, the trial court momentarily recessed to obtain a copy of the police report. After doing so, the court noted appellant's version of events was essentially consistent with the police report.

{¶32} The Supreme Court of Ohio has observed that an "explanation of circumstances" is important in the context of a "no contest" plea because it ensures the

7

trial court does not enter a finding of guilty in a perfunctory fashion. *Cuyahoga Falls v. Bowers*, 9 Ohio St.3d 148, 151 (1984). As such, an "explanation of circumstances" has been deemed a substantive right only in situations where a defendant pleads "no contest." *Id.* Where, as in this case, a defendant pleads guilty, such an explanation does not carry the same substantive import. "There is a fundamental difference between pleading guilty and pleading no contest, because a guilty plea constitutes an actual admission of guilt, whereas a plea of no contest requires some type of evidence, at least in misdemeanor cases." *State v. Russell*, 7th Dist. Mahoning No 09 MA 156, 2011-Ohio-1181, ¶22. Even though the court did not require the state to give an explanation, appellant's plea of guilty renders any error harmless as a matter of law.

{¶33} Furthermore, in light of *Bowers*, the "explanation of circumstances" appears to be akin to a sufficiency-of-the-evidence analysis. To wit, the explanation allows a trial court to determine whether the state could produce adequate evidence to support a finding of guilty upon entry of a "no contest" plea. In this respect, it is reasonable to conclude that any argument relating to the court's failure to strictly adhere to the requirements of R.C. 2937.07 must be raised on direct appeal. Where, as here, an appellant has failed to file a direct appeal, the argument should be barred by the doctrine of res judicata.

{¶34} Finally, it is unclear, at least in the instant matter, how the failure to obtain an "explanation of circumstances" from the complainant affected the voluntary character of appellant's decision to enter a plea of guilty. As indicated above, the record demonstrates appellant knowingly and voluntarily waived her constitutional rights and entered the plea of her own free volition. In short, the premise of appellant's argument

8

(i.e., the error in failing to require an explanation) simply fails to support her conclusion (i.e., her plea was not knowing and voluntary).

{¶35} Appellant's third assignment of error is therefore without merit.

{¶36} For the foregoing reasons, the judgment of the Ashtabula Municipal Court is affirmed.


TIMOTHY P. CANNON, J., concurs,

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.
_____

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.


{¶37} Finding that appellant's first assignment of error has merit, I respectfully dissent.

{¶38} "The filing of a complaint invokes the jurisdiction of the municipal court." *State v. Mbodji*, 129 Ohio St.3d 325, 2011-Ohio-2880, ¶12. "[I]n order to constitute a valid complaint, Crim. R. 3 contains the following requirements, to wit: 1) a written statement of the essential facts constituting the offense charged; 2) the numerical designation of the applicable statute or ordinance; and 3) it must be made upon oath before any person authorized by law to administer oaths." *State v. Shutway*, 2d Dist. Champaign No. 2014-CA-10, 2015-Ohio-2433, ¶15.

{¶39} "'In the absence of a sufficient formal accusation, a court acquires no jurisdiction whatever, and if it assumes jurisdiction, a trial and conviction are a nullity.' *State v. Miller* (1988), 47 Ohio App.3d 113, 114, * * *. See, also, *Stewart v. State* (1932), 41 Ohio App. 351, 353-354, * * *. In *State v. Green* (1988), 48 Ohio App.3d

9

121, * * * the charging officer signed the complaint, but did not sign the jurat. The court held that an unsworn complaint 'is void and any conviction resulting therefrom would be void also.' *Id.* at 122, * * *." (Parallel citations omitted.) *Akron v. Meissner*, 92 Ohio App.3d 1, 3 (9th Dist.1993).

{¶40} The summons in lieu of arrest in this case was signed by both Ms. Jones and Sgt. Dibble at the time he issued it. Thereafter, it was signed by a deputy clerk of the court. However, the form does not contain any line where Sgt. Dibble could have signed it ahead of the jurat. It is not properly sworn, is not a criminal complaint, and did not invoke the jurisdiction of the trial court.[1]

{¶41} Normally, when a sentence has been served in a criminal case, any attack on the conviction or sentence is moot. *State v. Wilson*, 41 Ohio St.2d 236, 237 (1975). However, this rule does not apply when there is a possibility that the challenged conviction may result in collateral legal consequences. *Id.* Ms. Jones completed her sentence in this case some eight years ago. However, she wishes to apply for a limited guardianship of one of her adult sons, who is autistic. As she points out, R.C. 2111.03, governing applications for guardianships, requires the applicant to file a statement with the court regarding any charge or conviction for a crime involving physical violence. R.C. 2111.03(A). While her own conviction for child endangering did not factually arise from physical violence against her daughter, the crime necessarily encompasses such situations. Thus, she might suffer a collateral legal consequence if the conviction stands.

---

1. The state argues that Crim.R. 58 provides that any form used by a local court that is substantially similar to those contained in the Appendix of Forms is legally sufficient, and that the form used in this case is substantially similar to Form XII. As Ms. Jones points out, the forms are not substantially similar: Form XII contains both a signature line for when the officer issues the summons in lieu of arrest, and another, above the jurat, for when the officer files the summons as a criminal complaint.

10

{¶42} The trial court should have granted Ms. Jones' motion to vacate void conviction, as it never had jurisdiction of the misdemeanor alleged.

{¶43} I respectfully dissent.