[Cite as *State v. Cochrane*, 2017-Ohio-6948.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2016-T-0077** |
| KENNETH KEVIN COCHRANE, JR., | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Girard Municipal Court, Case No. 2016 CRB 00507.

Judgment: Reversed and conviction vacated.

*Michael E. Bloom,* Girard City Prosecutor, Girard Municipal Court, 100 North Main Street, Girard, OH 44420 (For Plaintiff-Appellee).

*Michael A. Partlow,* 112 South Water Street, Suite C, Kent, OH 44240 (For Defendant-Appellant).


CYNTHIA WESTCOTT RICE, P.J.

{¶1} Appellant, Kenneth Cochrane, Jr., appeals his conviction in the Girard Municipal Court, following his no contest plea to resisting arrest. Due to the trial court's failure to obtain an explanation of circumstances to support appellant's plea before finding him guilty, we reverse his conviction.

{¶2} On May 23, 2016, a complaint was filed, charging appellant with resisting arrest, a misdemeanor of the second degree. The matter was set for trial on June 23, 2016. However, on that date, pursuant to a plea bargain, appellant pled no contest to

resisting arrest as charged in the complaint. At the plea hearing, the following exchange took place:

{¶3} The Court: And Mr. Cochrane, on the Rule 11 Agreement, is that your signature?

{¶4} Mr. Cochrane: Yes, your Honor.

{¶5} The Court: That indicates upon a plea of no contest, recommendation of $750.00 fine, $500.00 suspended, 90 days in jail, 60 suspended, credit for 30 days he served and probation for one year, correct?

{¶6} Defense Counsel: That's correct.

{¶7} The Court: All right. At this time you're willing to withdraw your former plea of not guilty and enter a plea of no contest?

{¶8} Mr. Cochrane: Yes, your Honor.

{¶9} The Court: Plea of no contest will be accepted, finding of guilt made, penalty will be provided for in the entry.

{¶10} The transcript of the proceedings shows that no inquiry into the circumstances of this crime was made and no explanation was provided.

{¶11} The trial court issued a judgment on June 23, 2016, in which the court sentenced appellant according to the recommendation discussed at the plea hearing.

{¶12} On July 27, 2016, appellant filed a motion to file a delayed appeal, which this court granted. On appeal, appellant states for his sole assignment of error:

{¶13} "The appellant's conviction is not supported by sufficient evidence."

{¶14} Appellant argues that because he entered a no contest plea, the trial court was required, pursuant to R.C. 2937.07, to obtain an explanation of circumstances before finding him guilty. He argues that the court's failure to do so required dismissal of the charges against him. In contrast, while the state concedes the court erred in not

2

obtaining an explanation of circumstances, the state argues this court should remand for a new hearing on the no contest plea.

{¶15} R.C. 2937.07 provides in part: "A plea to a misdemeanor offense of "no contest" * * * shall constitute an admission of the truth of the facts alleged in the complaint and * * * the judge * * * may make a finding of guilty or not guilty from the explanation of the circumstances of the offense."

{¶16} "[A] no contest plea may not be the basis for a finding of guilty without an explanation of circumstances." *Cuyahoga Falls v. Bowers,* 9 Ohio St.3d 148, 150 (1984). An explanation of circumstances is required to support a no contest plea in order to ensure that the trial court does not make a guilty finding in a perfunctory fashion. *Id.* Pursuant to R.C. 2937.07, the explanation of circumstances must be given on a no contest plea before the defendant is found guilty or not guilty. *Bowers, supra*; *State v. Valentine*, 1st Dist. Hamilton No. C-070388, 2008-Ohio-1842, ¶6. "'[A] defendant has a substantive right to be discharged by a finding of not guilty where the [explanation of circumstances] reveals a failure to establish all of the elements of the offense.'" *Bowers, supra,* quoting and adopting *Springdale v. Hubbard*, 52 Ohio App.2d 255, 259 (1st Dist.1977).

{¶17} We therefore hold the trial court erred in failing to obtain an explanation of circumstances for appellant's no contest plea before finding him guilty.

{¶18} With respect to the remedy for the trial court's failure to satisfy the explanation-of-circumstances requirement, the Eighth District, in *Berea v. Moorer,* 8th Dist. Cuyahoga No. 103293, 2016-Ohio-3452, held that "a trial court's failure to comply with R.C. 2937.07 is more than mere trial error, but is instead a failure to establish facts

3

sufficient to support a conviction.  As such, * * * jeopardy attaches, thereby preventing the state from getting a second chance to meet its burden." *Id.* at ¶22.  Moreover, five other Ohio Appellate Districts have reached the same conclusion.  *State v. Stewart*, 2d Dist. Montgomery No. 19971, 2004 WL 1352628, *3 (June 10, 2004); *State v. Horvath*, 3d Dist. Seneca No. 13-15-10, 2015-Ohio-4729, ¶18; *State v. Smyers*, 5th Dist. Muskingum No. CT 2004-0039, 2005-Ohio-2912, ¶17-19; *State v. Lloyd*, 6th Dist. Lucas No. L-15-1035, 2016-Ohio-331, ¶28**;** *State v. Fordenwalt*, 9th Dist. Wayne No. 09CA0021, 2010-Ohio-2810, ¶11.

{¶19} The Second District in *Stewart, supra,* held:

{¶20} Under R.C. 2937.07, when a no-contest plea is accepted in a misdemeanor case, the explanation of circumstances serves as the evidence upon which the trial court is to base its finding of guilty or not guilty.  Here, that evidence [i.e., the explanation of circumstances] was insufficient to support a conviction. When a conviction is reversed for insufficiency of the evidence, jeopardy has attached, and a remand for a new determination of guilt or innocence is barred by double jeopardy.  * * * Thus, Stewart is entitled to the reversal of his conviction, and to be discharged. *Stewart, supra.*

{¶21} In addition, five other Ohio Appellate Districts have held - without expressly holding whether jeopardy attached - that the defendant has a substantive right to be discharged where the trial court found him guilty without obtaining an explanation of circumstances.  *Valentine, supra*, at ¶9 (First District); *State v. Albright*, 4th Dist. Pickaway No. 84 CA 8, 1985 WL 9410, *4 (Jul. 24, 1985); *Youngstown v. Rawson*, 7th Dist. Mahoning Nos. 91 C.A. 15 and 91 C.A. 16, 1992 WL 64194, *4 (Mar. 24, 1992); *Columbus v. Smith*, 10th Dist. Franklin Nos. 89AP-255, 89AP-256 and 89AP-261, 1991 WL 47421, *5 (Apr. 4, 1991); *State v. Hoskins*, 12th Dist. Butler No. CA98-07-143, 1999 WL 527796, *2-*3 (June 14, 1999).

**{¶22}** We find the reasoning of these *eleven* appellate districts to be persuasive and we adopt their conclusion.

**{¶23}** In contrast, this court in *State v. Scales,* 11th Dist. Portage No. 1933, 1988 WL 112392 (Oct. 21, 1988), held that, while the trial court erred in finding the defendant guilty following his no contest plea without obtaining an explanation of circumstances, the trial court's judgment was against the manifest weight of the evidence, resulting in a remand for a new plea hearing. *Id.* at *2-*3. However, a guilty finding on a no contest plea without an explanation of circumstances (i.e., no evidence) could not be against the manifest weight of the evidence because there was nothing to weigh. Rather, the guilty finding was not supported by *sufficient* evidence. *E.g., Berea, supra; Stewart, supra*; *Horvath, supra.* As noted above, when a conviction is reversed due to insufficient evidence, jeopardy has attached and a remand for a new determination of guilt or innocence is barred by double jeopardy. *Id.* In addition, a defendant is "'placed in jeopardy at the time the trial court exercise[s] its discretion to accept a no contest plea.'" *State ex rel. Leis v. Gusweiler*, 65 Ohio St.2d 60, 61 (1981), quoting *State ex rel. Sawyer v. O'Connor*, 54 Ohio St.2d 380, 382 (1978). *Accord State v. Goodman*, 9th Dist. Medina No. 3220-M, 2002 WL 274639, *3 (Feb. 27, 2002).

**{¶24}** This court, in *State v. Carleton*, 11th Dist. Geauga No. 97-G-2112, 1998 WL 964286 (Dec. 18, 1998), stated in dicta: "Pursuant to R.C. 2937.07, a defendant who pleads no contest has a substantive right to be acquitted where the prosecutor's statement of facts (i.e., explanation of circumstances) fails to substantiate all the elements of the crime." *Carleton, supra,* at *5.

5

{¶25} In addition, this court, in *State v. Jones*, 11th Dist. Ashtabula No. 2015-A-0068, 2016-Ohio-6987, recently stated in dicta:

> {¶26} [I]n light of [the Ohio Supreme Court's decision in] *Bowers*, the "explanation of circumstances" appears to be akin to a sufficiency-of-the-evidence analysis. To wit, the explanation allows a trial court to determine whether the state could produce adequate evidence to support a finding of guilty upon entry of a "no contest" plea. *Jones* at ¶33.

{¶27} Based on the Supreme Court's holding in *Bowers*, the decisions of our sister appellate districts, and this court's dicta in *Carleton* and *Jones*, we hold the trial court's failure to satisfy the explanation-of-circumstances requirement resulted in a conviction that was based on insufficient evidence and, jeopardy having attached, must be reversed.

{¶28} For the reasons stated in this opinion, the assignment of error is sustained. It is the order and judgment of this court that the judgment of the Girard Municipal Court is reversed and appellant's conviction vacated.

TIMOTHY P. CANNON, J., concurs,

DIANE V. GRENDELL, J., concurs in part and dissents in part, with a Dissenting Opinion.

_____

DIANE V. GRENDELL, J., concurs in part and dissents in part, with a Dissenting Opinion.

{¶29} While I agree with the majority's determination that reversal is necessary to comply with the statutory requirement to consider an explanation of circumstances prior to accepting a no-contest plea, I dissent regarding the holding that this error bars further proceedings due to double jeopardy concerns. Since such a conclusion is

6

inconsistent with past precedent of this court, as well as the purposes of the Double Jeopardy Clause, this matter should be remanded for the trial court to vacate the plea and conduct a new plea hearing, rather than ordering dismissal of the resisting arrest charge.

{¶30} The majority holds that the trial court's failure to obtain an explanation of circumstances prior to finding Cochrane guilty amounts to convicting him with insufficient evidence, requiring the application of double jeopardy principles. This court has repeatedly held, under the same circumstances, that a remand to hold a new plea hearing is the appropriate remedy when an explanation of circumstances was not given. In *State v. Scales*, 11th Dist. Portage No. 1933, 1988 WL 112392 (Oct. 21, 1988), after concluding that "the trial court erred in finding appellant guilty after his 'no contest' plea to the two traffic violations without an explanation of the circumstances," this court ordered a remand for "a new hearing on [appellant's] 'no contest' pleas." *Id.* at 2-3. In its analysis of this issue, this court noted that these convictions were not supported by the weight of the evidence.

{¶31} In addition, several cases from this court have addressed this matter not under a sufficiency standard, but in a more procedural manner, reversing based on the mere lack of compliance with R.C. 2937.07. *State v. Martin*, 11th Dist. Trumbull No. 97-T-0217, 1999 WL 454412, 2 (June 30, 1999) (matter remanded for reinstatement of original charges); *State v. Beeman*, 11th Dist. Lake No. 10-191, 1985 WL 9952, 2 (Sept. 13, 1985) (reversing and requiring that a new plea hearing be held). This court's position has consistently been to allow the error to be remedied, regardless of the standard of review, thereby restoring the defendant's right to have an explanation of the

7

charges given prior to the court's finding of guilt. *Compare Lockhart v. Nelson*, 488 U.S. 33, 40-41, 109 S.Ct. 285, 102 L.Ed.2d 265 (1988) (a "trial error," which prevents evidence of guilt from being admitted, does not require the application of double jeopardy). This protects both the defendant's rights and society's interest in a just outcome.

**{¶32}** This approach is consistent with the principles behind the Double Jeopardy Clause. "The rationale underlying double jeopardy protection 'is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for the alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty.'" *State v. Roberts,* 119 Ohio St.3d 294, 2008-Ohio-3835, 893 N.E.2d 818, ¶ 11, citing *Green v. United States*, 355 U.S. 184, 187-188, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957). *See also In re D.B.M.*, 11th Dist. Geauga No. 2015-G-0018, 2016-Ohio-2797, ¶ 22 (addressing concerns about finality). Double jeopardy has no application to the present case since the foregoing concerns are not implicated: Cochrane chose not to object to the lack of an explanation of circumstances, filed a direct appeal of the judgment accepting his own entry of a no contest plea, and seeks to have that plea invalidated. There is no additional risk that he will be found guilty of a crime for which he is innocent. Extra time will be expended only to have the explanation of the crime discussed in open court, which should have occurred when Cochrane originally entered his plea. This will lead to no embarrassment or anxiety beyond that experienced by every defendant who enters a plea accepting responsibility for committing a crime.

8

**{¶33}** Although this court, in *State v. Jones*, recently noted that the "'explanation of circumstances' appears to be akin to a sufficiency-of-the-evidence analysis," this statement was made in dicta and, thus, has no impact on the law of this district. 2016-Ohio-6987, 72 N.E.3d 63, ¶ 33 (11th Dist.). *Jones* did not address the double jeopardy issue and this court ultimately was not required to determine any issues relating to the "explanation of circumstances," since such an explanation is not required when a guilty plea is entered. *Id.* at ¶ 32. The existing precedent of this court should not be ignored in order to apply dicta.

**{¶34}** While other appellate districts have held that double jeopardy should apply to bar the conviction of a defendant if an explanation of circumstances is not given, this court is not bound by decisions of other appellate districts, and it is necessary to follow the well-established precedent of this court. *See Ross v. Trumbull Cty. Child Support Enforcement Agency*, 11th Dist. Trumbull No. 2000-T-0025, 2001 WL 114971, 7 (Feb. 9, 2001) (authority of other appellate districts is "merely persuasive authority and, as such, is not binding upon us").

**{¶35}** Further, these cases do not provide a compelling justification to allow a defendant to avoid a serious charge and a crime he voluntarily chose to enter a plea of no contest to, which "constitute[s] an admission of the truth of the facts alleged in the complaint." R.C. 2937.07. Requiring a new plea hearing will serve to remedy the error made by the court in failing to follow the appropriate procedure for accepting the plea and protects Cochrane's rights under R.C. 2937.07. There is no need to make a finding that insufficient evidence exists when the true concern is that the explanation of

9

circumstances requirement was not met, rather than that evidence to prove the charge did not exist.

{¶36} For the foregoing reasons, the failure of the trial court to require an explanation of circumstances, in the interest of justice, warrants reversal for a new plea hearing rather than dismissal of the charge against the defendant outright. For this reason, I concur in part and dissent in part and would remand for the trial court to conduct additional proceedings.