[Cite as *Aurora v. Boehm*, 2019-Ohio-3440.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, CITY OF AURORA, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2018-P-0103** |
| SIEGFRIED BOEHM, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Municipal Court, Kent Division, Case No. 2018 CRB 01312 K.

Judgment: Affirmed.

*Dean E. DePiero*, City of Aurora Law Director, 130 South Chillicothe Road, Aurora, OH 44202, and *Richard D. Summers*, McDonald Hopkins LLC, 600 Superior Avenue, East, Suite 2100, Cleveland, OH 44114 (For Plaintiff-Appellee).

*Michela J. Huth*, P.O. Box 17, Bolivar, OH 44612 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, Siegfried Boehm, appeals from his conviction for failure to control a vicious dog in the Portage County Municipal Court, Kent Division. The issues to be determined by this court are whether the complaint is defective when it does not include specific factual details about the crime committed and whether arguments raising constitutional issues for the first time on appeal after the entry of a no contest plea are properly addressed by this court. For the following reasons, we affirm the judgment of the lower court.

{¶2} On September 13, 2018, Boehm was issued a summons/complaint which charged that he committed a Vicious Dog violation, a first degree misdemeanor, in violation of Aurora Codified Ordinance 618.15(b)(2)(A).

{¶3} On November 13, 2018, a change of plea hearing was held, at which Boehm entered a plea of no contest to the offense as charged.[1] He was ordered to pay a fine of $250, serve a suspended sentence of ten days in jail, and pay restitution in the amount of $884.03.

{¶4} Boehm timely appeals and raises the following assignments of error:

{¶5} "[1.] The Criminal Complaint fails to comply with Ohio Rules of Criminal Procedure, Rule 3.

{¶6} "[2.] Ohio Revised Code §955.11 constitutionally preempts City of Aurora Ordinance 618.15.

{¶7} "[3.] City of Aurora Ordinance 618.15 is unconstitutional on its face."

{¶8} As an initial matter, the State argues that Boehm failed to comply with the time requirement to file his brief within 15 days as required for an accelerated appeal pursuant to Loc.App.R. 11.1, and that the failure to follow the briefing schedule "may result in a dismissal of the appeal sua sponte and without notice." Boehm's brief, due to be filed February 6, 2019, was filed on February 13. While this court can dismiss the matter, since it has been fully briefed, the State did not object or move to dismiss at the time Boehm's brief was filed, and we discern no prejudice to the State resulting from this brief delay, we decline to do so.

---

1. There is nothing present in the record before us that discusses the facts giving rise to the conviction. While the State includes a statement of facts which summarizes that Boehm's dog was loose and attacked a dog owned by a Mr. Vishnevsky, this information is not present anywhere in the complete record filed before this court. The transcript of the plea hearing does not contain a statement of the facts.

{¶9} In his first assignment of error, Boehm argues that the charging document, the citation/complaint, does not comply with the requirements of Crim.R. 3. Specifically, he contends that it did not meet the requirement to include "the essential elements of the offense charged," as the complaint did not specify the definition of "vicious dog" or set forth facts that Boehm's dog had killed or injured an animal or person.

{¶10} When a defendant enters a plea of guilty or no contest, he can raise only limited errors on appeal and is "precluded from asserting any defect in his indictment," including errors such as the failure to state the sections of the statute under which he was indicted. *State v. Gotel*, 11th Dist. Lake No. 2009-L-051, 2009-Ohio-6516, ¶ 26; *State v. Dudas*, 11th Dist. Lake Nos. 2008-L-109 and 2008-L-110, 2009-Ohio-1001, ¶ 37; *State v. Mason*, 9th Dist. Summit No. 27715, 2016-Ohio-7081, ¶ 30. Boehm emphasizes, however, that this court has also found the failure to file a valid complaint is a jurisdictional defect that cannot be waived. This court has held that "[u]nder Ohio law, the state's submission of a valid criminal complaint is a necessary prerequisite for invoking the subject matter jurisdiction of a trial court * * * and [i]f the state files an invalid complaint, there exists a jurisdictional defect which cannot be waived by the criminal defendant." (Citation omitted). *State v. Davies*, 11th Dist. Ashtabula No. 2012-A-0034, 2013-Ohio-436, ¶ 12; *Ashtabula v. Jones*, 11th Dist. Ashtabula No. 2016-A-0053, 2017-Ohio-1103, ¶ 45; *State v. Bretz*, 11th Dist. Portage No. 92-P-0008, 1993 WL 334249, *1 (Aug. 27, 1993). It is worth noting that each of those cases addressed the issue of whether the complaint was properly attested to and made under oath, since "[t]he failure to present a properly sworn affidavit is a jurisdictional issue and therefore cannot be waived," a concern not raised in the present matter. *Bretz* at *1.

**{¶11}** Even presuming this issue was not waived below, we find it lacks merit. It is widely acknowledged that "[t]he primary purpose of the charging instrument in a criminal prosecution is to inform the accused of the nature of the offense with which he or she is charged." *Ashtabula* at ¶ 45, citing *Akron v. Holland Oil Co.*, 146 Ohio App.3d 298, 302-303, 765 N.E.2d 979 (9th Dist.2001). For a criminal complaint to be valid, it must contain "'a written statement of the essential facts constituting the offense charged[,]'" which "'may be in the words of the applicable section of the statute, * * * or in words sufficient to give the defendant notice of all the elements of the offense with which the defendant is charged.'" *State v. Jones*, 2016-Ohio-6987, 72 N.E.3d 63, ¶ 18 (11th Dist.), citing Crim.R. 3 and Crim.R. 7(B). "Crim.R. 3 does not require the complaint to track the language of the statute." *Id.*

**{¶12}** Here, the complaint stated the statute number and section of the offense committed, the location and time of the offense, and included the language of the statute. It stated: "No keeper, owner, or harborer of a dangerous or vicious dog shall fail to: (2) While that dog is off the premises of the owner, keep it on a chain-link leash or tether that is not more than six feet in length and (A) Keep that dog in a locked pen which has a top." This language is comparable to that contained in the ordinance under which he was charged, Aurora Codified Ordinance 618.15(b)(2)(A).[2]

**{¶13}** This set of facts is similar to *Jones*, where this court found a citation/complaint which stated the date, time, location, statute number, and language from the child endangering statute ("defendant did create a risk of physical harm to a child under 18 years of age"), contained a statement of essential facts sufficient to

---

2. The statute provides alternate means for containing the dog in addition to "A.", such as having the leash controlled by a person of suitable age or muzzling the dog, which are not included in the complaint.

4

constitute a valid charging instrument. *Jones*, 2016-Ohio-6987, ¶ 11-13. Here, the complaint included the facts constituting the offense "in the words of the applicable section of the statute" by informing Boehm when and where the offense occurred and the elements that the dog is vicious, was off the premises of the owner, and was not properly contained/restrained.

{¶14} Boehm cites to no authority for the proposition that it was necessary to define the term "vicious" dog. He was on notice that there was a claim his dog was such an animal. While he argues that facts of what constituted designating his dog "vicious" should have been stated, this is a factual issue that could have been proven at trial. Under his argument, any term or element within a statute that is a defined term would have to be explained and defined in a complaint, a proposition which he cites no authority to support. He also cites no authority for his contention that the dog should have been named and his conduct described.[3]

{¶15} The first assignment of error is without merit.

{¶16} In his second assignment of error, Boehm argues that R.C. 955.11 constitutionally preempts Aurora Codified Ordinance 618.15 as the state statute does not designate a dog as "vicious" for injuring or killing another dog or domestic animal while the Aurora Ordinance does. In his third assignment of error, Boehm argues that Aurora Ordinance 618.15 violates the right to due process because it sets forth requirements for owners of vicious dogs resulting in penalties but does not provide notice and opportunity to be heard on the classification of a vicious dog.

---

3. The State also argues that there are additional facts contained in a "statement of facts" on the back of the complaint to further demonstrate the elements of the offense, including that the Aurora Police Chief declared the dog "vicious." However, an original copy of the complaint contained in the record does not have any writing on the back. From the record filed by the clerk, we see no indication of any other documents that were before the lower court containing this information.

{¶17} Boehm entered a plea of no contest to the vicious dog offense and did not raise any constitutional violations in the lower court. As addressed above, in cases where a defendant has entered a plea of guilty or no contest, he has a limited right to appeal and may contest only jurisdiction, the knowing and voluntary entry of the plea under Crim.R. 11 and, in the case of a no contest plea, pretrial motions such as a ruling on a motion to suppress. *State v. McCarty*, 11th Dist. Portage No. 2015-P-0064, 2016-Ohio-4734, ¶ 30; *Strongsville v. Petronzio*, 8th Dist. Cuyahoga No. 102345, 2016-Ohio-101, ¶ 7.

{¶18} Furthermore, it has been held that the "[f]ailure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal." *State v. Awan*, 22 Ohio St.3d 120, 489 N.E.2d 277 (1986), syllabus. While the waiver doctrine set forth in *Awan* is discretionary, this discretion is exercised only "in specific cases of plain error or where rights and interests involved may warrant it." *State v. Boczar*, 11th Dist. Ashtabula No. 2004-A-0063, 2005-Ohio-6910, ¶ 30; *In re M.D.*, 38 Ohio St.3d 149, 151, 527 N.E.2d 286 (1988).

{¶19} This court has frequently exercised its discretion in declining to address alleged constitutional issues that were not properly raised in the lower court. *State v. Noling*, 11th Dist. Portage No. 2011-P-0018, 2014-Ohio-1339, ¶ 21 (appellant waived the argument that a statute was unconstitutional by failing to raise it below); *State v. Burns*, 2015-Ohio-5336, 44 N.E.3d 363, ¶ 43 (11th Dist.) (declining to address a separation of powers doctrine argument that was not raised in the lower court); *State v.*

6

*Duncan*, 11th Dist. Lake No. 2004-L-065, 2005-Ohio-7061, ¶ 15, fn. 1. We find no grounds in the present matter to warrant addressing the alleged constitutional violations raised by Boehm for the first time on appeal after his entry of a no contest plea in which he admitted to the truth of the facts alleged in the complaint.

{¶20} The second and third assignments of error are without merit.

{¶21} For the foregoing reasons, the judgment convicting Boehm for his failure to control a vicious dog in the Portage County Municipal Court, Kent Division, is affirmed. Costs to be taxed against appellant.


THOMAS R. WRIGHT, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.