[Cite as *State v. Pandey*, 2018-Ohio-3020.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. John W. Wise, P. J. |
| Plaintiff-Appellee | Hon. W. Scott Gwin, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| NAWAL PANDEY | Case Nos. 17 CA 40, 17 CA 41,<br>and 17 CA 42 |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING: Criminal Appeal from the Municipal Court, Case Nos. CRB 1602859, CRB 1602496, and CRB 1602497


JUDGMENT: Affirmed


DATE OF JUDGMENT ENTRY: July 30, 2018


APPEARANCES:

For Plaintiff-Appellee

DANIEL E. COGLEY
LANCASTER CITY PROSECUTOR
P.O. Box 1008
Lancaster, Ohio 43130

For Defendant-Appellant

SCOTT P. WOOD
CONRAD/WOOD
120 East Main Street, Suite 200
Lancaster, Ohio 43130

*Wise, P. J.*

{¶1}   Appellant Nawal Pandey appeals his conviction and sentence entered in the Fairfield County Municipal Court on seven first-degree misdemeanors for building and maintenance code violations, following a bench trial.

{¶2}   Appellee is State of Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶3}   On July 27, 2016, Code Enforcement Officer Sean Fowler inspected two properties located at 805 E. Main Street and 1940 E. Main Street within the City of Lancaster. (T. at 5). At the 805 E. Main Street location, Mr. Fowler observed grass higher than 10 inches, exterior sanitation issues, hazardous electrical systems, roofs and drainage violations, and windows violations. At the 1940 E. Main Street location, Mr. Fowler observed grass higher than 10 inches. (T. at 24-28). Following the inspections, Mr. Fowler sent Appellant Nawal Pandey notices of all the violations by both certified mail and e-mail.  (T. at 22-24).

{¶4}   On August 3, 2016, Mr. Fowler met with Appellant Pandey, who acknowledged receiving the notices of violations. Appellant made assurances that someone would be fixing the violations on the property within a few days.

{¶5}   On August 19, 2016, the properties remained unchanged. (T. at 41). Mr. Fowler photographed the violations on each property and submitted them to the City Prosecutor's office to be reviewed for criminal charges.

{¶6}   As a result, Appellant Pandey was charged with numerous violations of the International Property Maintenance Code (hereinafter "IPMC"), which the City of

Lancaster adopted by reference in Lancaster Codified Ordinance §1303.01, under three different case numbers: CRB1602859, RB1602496, CRB 1602497.

**{¶7}** All three cases were consolidated for trial purposes, and after several continuances, the cases proceeded to trial on June 22, 2017.

**{¶8}** At trial during its case-in-chief, the State established that the two properties at issue were owned by U.S. Enterprises Two, LLC. (T. at 17). The State also established that Appellant was the statutory agent for the LLC. (T. at 18). Evidence was also presented that Appellant, as statutory agent, had been notified of the code violations, met with city officials, and advised that the violations would be taken care of by someone. When the violations were not remedied, Appellant was personally charged with criminal offenses.

**{¶9}** At the conclusion of the State's case, Appellant moved for an acquittal, pursuant to Criminal Rule 29, arguing the State did not prove Appellant's relationship to the LLC, other than statutory agent, and did not prove Appellant had primary responsibility to discharge the duties imposed by law on the LLC. (T. at 66-67). The trial court overruled Appellant's motion for an acquittal. (T. at 70).

**{¶10}** During the defense case, Appellant testified that, with regard to the LLC, there were four members, of which he was one of the minority owners with a 5% interest only. Appellant testified the manager of the LLC was another individual who had 85% ownership interest and made all decisions for the LLC. (T. at 77).

**{¶11}** After hearing the evidence, the trial court found Appellant guilty on all counts in the three cases.

**{¶12}** On September 13, 2017, the trial court sentenced Appellant to a combined jail sentence of 180 days, with 120 days suspended, and combined fine of $500.

**{¶13}** Appellant now appeals to this Court, assigning the following errors for review:

## ASSIGNMENTS OF ERROR

**{¶14}** "I. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS DUE TO A FAILURE TO STATE THE ESSENTIAL ELEMENTS OF THE OFFENSES IN THE CHARGING INSTRUMENTS, AS REQUIRED BY CRIMINAL RULE.

**{¶15}** "II. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION FOR ACQUITTAL AFTER THE STATE'S CASE.

**{¶16}** "III. THE TRIAL COURT'S VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

## I.

**{¶17}** In his first assignment of error, Appellant argues the trial court erred in denying his motion to dismiss. We disagree.

**{¶18}** More specifically, in his motion to dismiss, Appellant argued that because the State was alleging that he should be held personally responsible for the criminal conduct of the LLC in this case, the criminal complaints were required to include language contained in Lancaster Codified Ordinance 501.12:

(a) An officer, agent or employee of an organization as defined in Section 501.11 may be prosecuted for an offense committed by such organization, if he acts with the kind of culpability required for the commission of the offense, and any of the following apply:

(1) In the name of the organization or in its behalf, he engages in conduct constituting the offense, or causes another to engage in such conduct, or tolerates such conduct when it is of a type for which he has direct responsibility;

(2) He has primary responsibility to discharge a duty imposed on the organization by law, and such duty is not discharged.

(b) When a person is convicted of an offense by reason of this section, he is subject to the same penalty as if he had acted in his own behalf. (ORC 2901.24)

**{¶19}** We find Appellant's argument to be without merit.

**{¶20}** Crim.R. 3 states that "[t]he complaint is a written statement of the essential facts constituting the offense charged. It shall also state the numerical designation of the applicable statute or ordinance. It shall be made upon oath before any person authorized by law to administer oaths." Crim.R. 3. "The purpose of a complaint filed in a criminal case is to provide reasonable notice to the defendant of the nature of the offense." *State v. Smith*, 2017-Ohio-9283, ¶ 21. "A valid complaint "must contain * * * 'a written statement of the essential facts constituting the offense charged[,]' " and " 'may be in the words of the applicable section of the statute, * * * or in words sufficient to give the defendant notice of all the elements of the offense with which the defendant is charged.' " *State v. Jones*, 2016-Ohio-6987, 72 N.E.3d 63, ¶ 18, citing Crim.R. 3 and Crim.R. 7(B).

**{¶21}** In the case sub judice, Appellant was charged with multiple violations, occurring on two separate properties:  (1) Weeds - IPMC §302.4; (2) Exterior Property Areas Sanitation- IPMC §302.1; (3) Electric Systems Hazards- IPMC §604.3; (4)

Accessory Structures- IPMC §302.7; (5) Roofs and Drainage - IPMC 304.7; (6) Windows, Skylight, and Door Frames- IPMC §304.13.

**{¶22}** Upon review of the Probable Cause Affidavits and charging instruments, we find that all of the essential elements of the violations charges were included in the complaints. The complaints were sufficient to place Appellant on notice that he was being charged with certain criminal offenses and what the elements of those offenses were.

**{¶23}** Appellant's first assignment of error is overruled.

## II., III.

**{¶24}** In his second and third assignments of error, Appellant argues that his convictions are against the manifest weight and sufficiency of the evidence. We disagree.

**{¶25}** An appellate court reviews a denial of a Crim.R. 29 motion for acquittal using the same standard used to review a sufficiency of the evidence claim. *See State v. Larry*, 5th Dist. Holmes No. 15CA011, 2016-Ohio-829, ¶ 20, citing *State v. Carter* (1995), 72 Ohio St.3d 545, 553, 651 N.E.2d 965, 1995-Ohio-104.

**{¶26}** The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different. *State v. Thompkins*, 78 Ohio St.3d 380, 1997–Ohio–52, 678 N.E.2d 541, paragraph two of the syllabus. The standard of review for a challenge to the sufficiency of the evidence is set forth in *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991). Therein, the Ohio Supreme Court held, "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light

most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id* at paragraph two of the syllabus.

**{¶27}** In determining whether a verdict is against the manifest weight of the evidence, the appellate court acts as a thirteenth juror and "in reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in evidence the jury 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.' " *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997), quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1983).

**{¶28}** "The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." *State v. DeHass* (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, at paragraph one of the syllabus. The trier of fact is in the best position to judge the credibility of the witnesses.

**{¶29}** As set forth above, Appellant herein was charged with a number of building and maintenance violations regarding two different properties. In his brief, Appellant is not challenging whether the State met its burden as to the essential elements of those offenses as contained in the Lancaster Codified Ordinances. Rather, Appellant argues that the State failed to establish personal liability for the LLC by failing (1) to prove Appellant's relationship to the LLC and (2) whether Appellant had a primary responsibility to discharge a duty imposed on the LLC by law. (Appellant's brief at 5).

**{¶30}** At trial, the State presented the testimony of Mr. Fowler, who testified that the only person he ever contacted regarding the subject properties was Appellant. (T. at

20). He further testified that he mailed notices of the violations to Appellant and that Appellant and was personally served the notices. (T. at 21). Mr. Fowler explained that Appellant performed manual labor on the properties, and that he had witnessed Appellant sweeping up and bagging items on the property. (T. at 28). Mr. Fowler also recalled Appellant removing $50 from his wallet to pay Mr. Fowler for the sanitation department to conduct a trash removal service on the properties. (T. at 28- 29).

{¶31} Mr. Fowler also stated that Appellant had assured him he would contact someone to mow and clean up the properties. (T. at 41). According to Mr. Fowler, Appellant held himself out as being able to do whatever he liked with the properties because he held title to them and that he had even offered to donate the properties to the city. (T. at 45, 58, and 64).

{¶32} In addition to the above testimony, the State also admitted into evidence the Articles of Incorporation for US Enterprises Two, LLC. Evidence was also presented establishing Appellant was the statutory agent for the LLC.

{¶33} Photographic evidence of the violations was also presented to the trial court.

{¶34} Appellant, during his testimony, admitted that he was the manager of the Company, and that his home address was the address listed for US Enterprises Two, LLC. (T. at 72-73, 84). He also testified that he hired and paid people to help him with the properties. *Id.* He also stated that he was the person people contacted when there was a problem with one of the properties. (T. at 84-85).

**{¶35}** Based on the foregoing, we find the State presented sufficient evidence to prove each element of the offenses and that no manifest miscarriage of justice requires the convictions be reversed.

**{¶36}** Appellant's second and third assignments of error are overruled.

**{¶37}** Accordingly the judgment of the Municipal Court of Fairfield County, Ohio, is affirmed.

By: Wise, P. J.

Gwin, J., and

Delaney, J., concur.

JWW/d 0709