[Cite as *Willowick Bldg. Dept. v. Shoregate Towers NS, L.L.C.*, 2024-Ohio-700.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| WILLOWICK BUILDING DEPARTMENT, CITY OF WILLOWICK, | **CASE NO. 2023-L-079** |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Willoughby Municipal Court |
| SHOREGATE TOWERS NS, LLC, | Trial Court No. 2021 CRB 03120 |
| Defendant-Appellant, | |
| (LEMMA GETACHEW AND GUENET INDALE, | |
| Appellants). | |

## **O P I N I O N**

Decided: February 26, 2024
Judgment: Reversed and remanded

*Mandy J. Gwirtz*, Willowick City Prosecutor, 20050 Lakeshore Boulevard, Euclid, OH 44123 (For Plaintiff-Appellee).

*Mark S. O'Brien*, 12434 Cedar Road, Suite 11, Cleveland Heights, OH 44106 (For Defendant-Appellant and Appellants).

MARY JANE TRAPP, J.

{¶1} Defendant-appellant, Shoregate Towers NS, LLC ("Shoregate"), and appellants, Lemma Getachew ("Mr. Getachew") and Guenet Indale ("Ms. Indale") (collectively, the "appellants"), appeal the judgment of the Willoughby Municipal Court finding Mr. Getachew and Ms. Indale guilty of 15 misdemeanor property code violations on Shoregate's behalf and imposing fines, suspended jail terms, and probation.

{¶2} The appellants assert three assignments of error, contending the trial court erred by (1) sentencing Mr. Getachew and Ms. Indale "on behalf of" Shoregate; (2) holding Mr. Getachew and Ms. Indale vicariously liable for Shoregate's alleged offenses; and (3) violating their rights against excessive fines and/or cruel and unusual punishments.

{¶3} After a careful review of the record and pertinent law, we find that the appellants' first assignment of error has merit. The trial court lacked personal jurisdiction over Mr. Getachew and Ms. Indale in the underlying case. The trial court's jurisdiction was never invoked through the filing of a criminal complaint against them. Consequently, the judgment against them is void, and Mr. Getachew's and Ms. Indale's purported no-contest pleas and sentences are vacated. We remand this matter for resentencing solely in relation to Shoregate. Based on our disposition of the first assignment of error, the appellants' second and third assignments of error are moot.

{¶4} Thus, we reverse the judgment of the Willoughby Municipal Court and remand for further proceedings consistent with this opinion.

### Substantive and Procedural History

{¶5} Shoregate is a limited liability company that owns an apartment complex located at 30901 Lakeshore Boulevard in Willowick, Ohio. Mr. Getachew and Ms. Indale purportedly own and/or control Shoregate; however, the extent of their ownership/control is not clear from the record.

{¶6} Willowick has passed an ordinance adopting the International Property Maintenance Code, as promulgated by the International Code Council. *See* Willowick Codified Ordinances ("WCO") 1367.01. In December 2021, Willowick filed a 32-count criminal complaint and summons against Shoregate in the Willoughby Municipal Court,

2

alleging the company failed to correct several code violations regarding the apartment complex. The alleged code violations related to the repair, replacement, and/or maintenance of numerous items, including "structural members," doors, steps, walls, ceilings, driveways, sidewalks, window screens, glass panes, carpets, railings, balcony guards, paint, electrical equipment, exhaust termination caps, an air conditioning compressor, vent louvers, exhaust ducting, electrical panel/boxes, light fixtures, a drain pipe locker, a hot water tank, and fire extinguisher box glass.

{¶7} After some delay, in June 2022, a representative from Shoregate's parent company appeared with counsel for arraignment. While the representative's identity is not clear from the record, it was neither Mr. Getachew nor Ms. Indale. Defense counsel entered not-guilty pleas on Shoregate's behalf.

{¶8} Nearly a year later, on May 22, 2023, Willowick and the appellants appeared with counsel for a bench trial on the underlying case and on two cases Willowick filed against Mr. Getachew and Ms. Indale individually (case nos. 2022 CRB 01607 and 2022 CRB 01630). The parties notified the court that they had reached a global resolution of the three cases. The prosecutor moved to dismiss the two cases against Mr. Getachew and Ms. Indale individually at their costs. The prosecutor also moved to amend all counts in the underlying case from first-degree to unclassified misdemeanors. The trial court granted both motions. The prosecutor stated it was her understanding that "the defendant" would plead no contest to 15 counts in the underlying case in exchange for dismissal of the remaining counts at Willowick's costs. Defense counsel confirmed the prosecutor's understanding.

3

Case No. 2023-L-079

{¶9} The trial court informed Mr. Getachew and Ms. Indale that it would be addressing both of them and their counsel "[b]ecause we have an LLC here, and you are here representing the LLC." The trial court stated, "So what has been presented here is that you're both going to enter no-contest pleas to the counts that have been indicated." Mr. Getachew and Ms. Indale confirmed that was their understanding. The trial court engaged in a colloquy with Mr. Getachew and Ms. Indale in which it explained the nature of a no-contest plea and the constitutional rights they would be waiving. Both indicated their understanding of the trial court's advisements and entered no-contest pleas to the 15 counts.

{¶10} The prosecutor presented a lengthy factual basis for the 15 counts. Defense counsel explained that Mr. Getachew and Ms. Indale acquired Shoregate and obtained control of the property in November 2017; however, the prior owners had misrepresented the property's condition. While Mr. Getachew and Ms. Indale obtained a sizable civil judgment against the prior owners, it remained uncollected. Since the acquisition, Mr. Getachew and Ms. Indale have spent approximately $1.5 million in repairs.

{¶11} Following the parties' remarks, the trial court accepted the no-contest pleas, entered findings of guilt against Shoregate on the 15 counts, and proceeded to sentencing. Following additional discussion, the trial court imposed fines of $1,000 plus court costs on each count; placed "the entity" on probation for two years; and ordered a status hearing and the filing of a written report every 60 days. The trial court stayed all possible "jail time," which it stated was "up to six months on each count." The trial court

4

advised Mr. Getachew and Ms. Indale that it could impose additional sanctions and jail time upon any violation of its order.

{¶12} On July 14, 2023, the trial court filed a judgment entry, in which it found Mr. Getachew and Ms. Indale, "on behalf of Defendant Shoregate Towers NS, LLC," guilty of the 15 counts; imposed fines of $1,000 and suspended jail terms of 180 days on each count; and placed Mr. Getachew and Ms. Indale, "on behalf of Defendant," on probation for two years. The entry advised that "[a]ny failure to comply with this order may result in a violation of probation, including additional financial sanctions and imposition of all suspended jail time upon Getachew and Indale for Shoregate Towers NS, LLC * * *."

{¶13} On August 2, 2023, Willowick and Shoregate appeared with counsel for a status hearing. Defense counsel informed the trial court that two Shoregate representatives were present, at which time the following exchange occurred:

{¶14} "THE COURT: Well, I'm not looking for representatives. I'm looking for Lemma Getachew and Guenet Indale.

{¶15} "[DEFENSE COUNSEL]: Mr. Lemma Getachew is here, Your Honor.

{¶16} "THE COURT: Well, where is Ms. Indale?

{¶17} "[DEFENSE COUNSEL]: I don't know, Your Honor, but Shoregate Towers is the Defendant in the case.

{¶18} "THE COURT: Correct. But the Court order is related to them. They entered the pleas. We went through this the last time.

{¶19} "[DEFENSE COUNSEL]: They entered a plea on behalf of Shoregate Towers. They are not the main Defendant in the case.

5

{¶20} "THE COURT: We went through this, [defense counsel], because the Court orders are over them.

{¶21} "[DEFENSE COUNSEL]: I understand, Your Honor. It's our intention to file an appeal as to those Court orders as to your judgment."

{¶22} Defense counsel also informed the trial court that his clients had not prepared a written status report. The trial court ordered the appellants to do so within two days or face contempt.

{¶23} On August 4, 2023, the appellants appealed the trial court's July 14, 2023 judgment. This court remanded for the issuance of a sentencing entry that includes the charges for which the appellants were found guilty. On October 30, 2023, the trial court filed a nunc pro tunc judgment entry listing the specific code sections. This court granted the appellants' motion to stay execution of the trial court's judgment.

{¶24} The appellants raise the following three assignments of error:

{¶25} "[1.] The trial court committed prejudicial error, and violated Getachew's and Indale's due process rights, when it sentenced Getachew and Indale 'on behalf of Defendant Shoregate Towers NS, LLC' and held them accountable for Shoregate's alleged property maintenance failures when only Shoregate, and not Getachew and Indale, was named as a defendant in the Complaint and when they did not appear before the trial court in the case until the change of plea hearing.

{¶26} "[2.] The trial court committed prejudicial error by holding Getachew and Indale vicariously liable for the violations of which Shoregate was charged when there was no evidence adduced by the prosecution at the change of plea hearing that they had

6

any connection to the subject property or that they had any knowledge of the circumstances that supported the convictions for the violations.

{¶27} "[3.] The trial court committed prejudicial error, and violated Appellants' right not to be subjected to excessive fines or cruel and unusual punishments, when it sentenced them to fines of $1,000.00, and imposed upon them a jail term of 180 days, relative to each count in the Complaint."

### Personal Jurisdiction

{¶28} In the appellants' first assignment of error, Mr. Getachew and Ms. Indale contend that the trial court erred by sentencing them "on behalf of" Shoregate.

{¶29} Although presented in terms of due process, Mr. Getachew's and Ms. Indale's argument implicates the trial court's personal jurisdiction over them. "Personal jurisdiction is a question of law that appellate courts review de novo." *Kauffman Racing Equip., L.L.C. v. Roberts*, 126 Ohio St.3d 81, 2010-Ohio-2551, 930 N.E.2d 784, ¶ 27.

{¶30} A "municipal court has jurisdiction to hear misdemeanor cases committed within its territory and has jurisdiction over the violation of any ordinance of any municipal corporation within its territory * * *." R.C. 1901.20(A)(1). "Personal jurisdiction refers to the court's power to render a valid judgment against a particular individual." *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, ¶ 36. The filing of a complaint under Crim.R. 3 invokes the jurisdiction of a municipal court. *State v. Mbodji*, 129 Ohio St.3d 325, 2011-Ohio-2880, 951 N.E.2d 1025, ¶ 12, 19. "In a criminal matter, the court acquires jurisdiction over a person by lawfully issued process, followed by the arrest and arraignment of the accused and his plea to the charge." *Henderson* at ¶ 36. "The prosecution of a criminal case is strictly against the accused." *Wacksman v. Harrell*,

7

174 Ohio St. 338, 342, 189 N.E.2d 146 (1963). "A judgment or sentence is void * * * if it is rendered by a court that lacks * * * personal jurisdiction over the defendant." *Henderson* at ¶ 34. Therefore, "[i]n the absence of a sufficient formal accusation, a court acquires no jurisdiction whatever, and if it assumes jurisdiction, a trial and conviction are a nullity." *State v. Miller*, 47 Ohio App.3d 113, 114, 547 N.E.2d 399 (1st Dist.1988).

{¶31} During the change of plea hearing, the trial court properly acknowledged that Shoregate was the defendant and that Mr. Getachew and Ms. Indale were representing the entity. While the trial court used some imprecise language, it expressly entered findings of guilt against Shoregate. During the sentencing portion, however, the trial court imposed suspended jail terms and advised Mr. Getachew and Ms. Indale that they could be subject to financial sanctions and jail time for failing to comply. In its judgment entry, the trial court also found Mr. Getachew and Ms. Indale guilty "on behalf of" Shoregate. At the status hearing, the trial court explicitly stated its belief that Mr. Getachew and Ms. Indale entered the no-contest pleas and that its orders apply to them.

{¶32} Despite the trial court's purported exercise of personal jurisdiction over Mr. Getachew and Ms. Indale in the underlying case, such jurisdiction was never properly invoked. The complaint and summons charged only Shoregate as a defendant. Shoregate subsequently appeared for arraignment through a representative and pleaded not guilty to the charges. At the change of plea hearing, the charges against Shoregate were amended from minor misdemeanors to unclassified misdemeanors; however, the complaint was never amended to add Mr. Getachew and Ms. Indale as defendants.

{¶33} We acknowledge that "a challenge to personal jurisdiction * * * is waivable." *Mbodji* at ¶ 10. For instance, the Supreme Court of Ohio has held that "[a] defendant * *

8

* submits to the court's jurisdiction if he does not object to the court's exercise of jurisdiction over him." *Henderson* at ¶ 36; *see State v. Holbert*, 38 Ohio St.2d 113, 118, 311 N.E.2d 22 (1974). We also acknowledge that under certain circumstances, an officer, agent, or employee of a business organization may be personally liable for the organization's criminal conduct pursuant to R.C. 2901.24 or an analogous municipal ordinance such as WCO 501.12. *See*, *e.g.*, *State v. Pandey*, 5th Dist. Fairfield Nos. 17 CA 40, 17 CA 41, and 17 CA 42, 2018-Ohio-3020, ¶ 18. This is to prevent individuals from using the "corporate structure as a shield from liability for criminal acts." *See* 1973 Legislative Service Commission Comments to R.C. 2901.24. In the foregoing cases, however, the trial court's personal jurisdiction over the defendants had first been invoked through the filing of criminal charges against them, *see Holbert* at 117 and *Pandey* at ¶ 6, which did not occur in the underlying case. In fact, the record indicates Willowick is familiar with the proper procedure since it filed separate criminal complaints against Mr. Getachew and Ms. Indale individually.

{¶34} In sum, the trial court lacked personal jurisdiction over Mr. Getachew and Ms. Indale in the underlying case. Consequently, the judgment against them is void, and their purported no-contest pleas and sentences are vacated.

{¶35} "[T]he general rule is that '[u]pon remand from an appellate court, the lower court is required to proceed from the point at which the error occurred.'" *State v. Roberts*, 150 Ohio St.3d 47, 2017-Ohio-2998, 78 N.E.3d 851, ¶ 45, quoting *State ex rel. Stevenson v. Murray*, 69 Ohio St.2d 112, 113, 431 N.E.2d 324 (1982). The error occurred during the sentencing portion of the May 2023 hearing when the trial court purported to impose

9

sanctions against Mr. Getachew and Ms. Indale individually rather than Shoregate. Accordingly, we remand this matter for resentencing solely in relation to Shoregate.

**{¶36}** The first assignment of error has merit and is sustained.

### Remaining Assignments of Error

**{¶37}** We address the appellants' remaining assignments of error together.

**{¶38}** In the second assignment of error, Mr. Getachew and Ms. Indale contend that the trial court erred by holding them vicariously liable for Shoregate's alleged offenses. Shoregate contends that since the trial court did not find it guilty, the underlying case should be dismissed with prejudice. In their third assignment of error, the appellants contend that the trial court violated their rights against excessive fines and/or cruel and unusual punishments.

**{¶39}** Based on our disposition of the first assignment of error, the second and third assignments of error are overruled as moot.

**{¶40}** For the foregoing reasons, the judgment of the Willoughby Municipal Court is reversed, and this matter is remanded for further proceedings consistent with this opinion.

MATT LYNCH, J.,

JOHN J. EKLUND, J.,

concur.

Case No. 2023-L-079