[Cite as *Willowick Bldg. Dept. v. Shoregate Towers NS, L.L.C.*, 2024-Ohio-5650.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| WILLOWICK BUILDING DEPARTMENT, CITY OF WILLOWICK, | CASE NO. 2024-L-027 |
| Plaintiff-Appellee, | Criminal Appeal from the Willoughby Municipal Court |
| - vs - | |
| SHOREGATE TOWERS NS, LLC, | Trial Court No. 2021 CRB 03120 |
| Defendant-Appellant. | |

**O P I N I O N**

Decided: December 2, 2024
Judgment: Affirmed

*Mandy J. Gwirtz*, Willowick City Prosecutor, 20050 Lakeshore Boulevard, Euclid, OH 44123 (For Plaintiff-Appellee).

*Mark S. O'Brien*, 12434 Cedar Road, Suite 11, Cleveland Heights, OH 44106 (For Defendant-Appellant).

MARY JANE TRAPP, J.

{¶1} Defendant-Appellant, Shoregate Towers NS, LLC ("Shoregate"), appeals the judgment of the Willoughby Municipal Court, following remand, in which the court found Shoregate guilty of 15 misdemeanor violations of the property maintenance code and sentenced it on each count to a $1,000 fine and a 180-day suspended jail term.

{¶2} Shoregate asserts three assignments of error, contending the trial court (1) violated Shoregate's constitutional right against double jeopardy, (2) exceeded its legal

authority by sentencing Shoregate to suspended jail terms, and (3) violated Shoregate's constitutional rights against excessive fines or cruel and unusual punishments.

{¶3} After a careful review of the record and pertinent law, we find as follows:

{¶4} (1) There is no double jeopardy violation. This court previously determined that the trial court had entered findings of guilt against Shoregate, and we remanded solely for resentencing. Shoregate did not appeal our prior decision. Thus, it is the law of the case. In addition, Shoregate is being punished only once because the resentencing was a correction and clarification of the first sentencing.

{¶5} (2) Shoregate has not cited any applicable authority establishing that the trial court was legally prohibited from imposing a jail term against an organization.

{¶6} (3) There are no excessive fines or cruel and unusual punishments. The authorities upon which Shoregate relies in support of its excessive-fines argument are wholly inapplicable. In addition, a municipal ordinance expressly authorized each individual sentence the trial court imposed, and Shoregate does not challenge the ordinance's validity.

{¶7} Thus, Shoregate's assignments of error are without merit, and we affirm the judgment of the Willoughby Municipal Court.

## Substantive and Procedural History

{¶8} This is the second appeal from the underlying criminal case. For the sake of clarity, we restate the relevant facts.

{¶9} Shoregate is a limited liability company that owns an apartment complex at 30901 Lakeshore Boulevard in Willowick, Ohio. Lemma Getachew ("Mr. Getachew") and

2

Guenet Indale ("Ms. Indale") purportedly own and/or control Shoregate, although the extent of their ownership/control is not clear from the record.

{¶10} The City of Willowick ("Willowick") passed an ordinance adopting the 2015 edition of the International Property Maintenance Code as promulgated by the International Code Council, including its comments and interpretations ("the PM Code"). *See* Willowick Codified Ordinances ("WCO") 1367.01. In December 2021, Willowick filed a 32-count criminal complaint and summons against Shoregate in the Willoughby Municipal Court. The complaint alleged the company failed to correct several PM Code violations regarding the apartment complex. The alleged violations included the repair, replacement, and/or maintenance of numerous items, including "structural members," doors, steps, walls, ceilings, driveways, sidewalks, window screens, glass panes, carpets, railings, balcony guards, paint, electrical equipment, exhaust termination caps, an air conditioning compressor, vent louvers, exhaust ducting, electrical panel/boxes, light fixtures, a drain pipe locker, a hot water tank, and fire extinguisher box glass.

{¶11} A Shoregate representative appeared with counsel and entered not-guilty pleas. In May 2023, the parties appeared with counsel for a bench trial. Mr. Getachew and Ms. Indale appeared as representatives for Shoregate. The parties informed the court that they had reached a plea agreement pursuant to which Shoregate agreed to plead no contest to 15 counts in exchange for dismissal of the remaining counts.

{¶12} The trial court engaged in a plea colloquy, and the state presented a lengthy factual basis for the 15 counts. Mr. Getachew and Ms. Indale entered no-contest pleas to those counts. The trial court accepted the no-contest pleas, entered findings of guilt against Shoregate, and proceeded to sentencing. The trial court imposed fines of $1,000

3

plus court costs on each count, placed Shoregate on probation for two years, and ordered a status hearing and the filing of a written report every 60 days. The trial court stayed all possible jail time, which it stated was "up to six months on each count." The trial court advised that it could impose additional sanctions and jail time upon any violation of its order.

{¶13} In July 2023, the trial court filed a judgment entry, in which it purported to find Mr. Getachew and Ms. Indale guilty and sentence them "on behalf of" Shoregate. The next month, the trial court held a status conference, during which it confirmed its belief that its judgment entry applied to Mr. Getachew and Ms. Indale individually.

{¶14} Shoregate, Mr. Getachew, and Ms. Indale appealed the July 2023 judgment entry. In October 2023, this court, sua sponte, remanded for the trial court to issue a sentencing entry that includes the charges for which the appellants were found guilty. Shortly thereafter, the trial court filed a nunc pro tunc judgment entry that included the specific code sections.

{¶15} In their first assignment of error in that appeal, the appellants argued that the trial court erred by sentencing Mr. Getachew and Ms. Indale "on behalf of" Shoregate because Shoregate was the only named defendant. *Willowick Bldg. Dept. v. Shoregate Towers NS, L.L.C.*, 2024-Ohio-700, ¶ 25 (11th Dist.) ("*Shoregate I*"). Within the second assignment of error, Shoregate argued that the trial court did not find it guilty; rather, the trial court found Mr. Getachew and Ms. Indale guilty. Therefore, Shoregate argued, the case against it should be dismissed with prejudice. *Id.* at ¶ 38.

{¶16} In February 2024, this court filed our opinion and judgment in *Shoregate I*. We sustained the appellant's first assignment of error, determining that the trial court

4

lacked personal jurisdiction over Mr. Getachew and Ms. Indale individually. *Id.* at ¶ 34. Consequently, the judgment against them was void, and we vacated their purported no-contest pleas and sentences. *Id.* We rejected Shoregate's argument that the trial court did not find it guilty. We determined that while the the trial court used some imprecise language at the May 2023 hearing, it expressly entered findings of guilt against Shoregate. *Id.* at ¶ 31. Therefore, we remanded for resentencing solely in relation to Shoregate. *Id.* at ¶ 35. We overruled as moot the appellants' remaining assignments of error. *Id.* at ¶ 38.

{¶17} On March 4, 2024, the trial court held a resentencing hearing. No transcript of the hearing has been filed. The next day, the trial court filed a judgment entry in which it found Shoregate guilty on the 15 counts and sentenced it on each count to a $1,000 fine and a 180-day suspended jail term.

{¶18} Shoregate appealed and raises the following three assignments of error:

{¶19} "[1.] The trial court violated Appellant's Fifth Amendment right to be free from being twice put in jeopardy of conviction when it entered its third judgment entry holding Appellant guilty after it had declined to so find in its first two judgment entries.

{¶20} "[2.] The trial court committed revers[i]ble error and exceeded its authority by sentencing Appellant, an Ohio limited liability company, to a 180-day suspended jail term for violations of the Code.

{¶21} "[3.] The trial court committed prejudicial error and violated Shoregate's Eighth Amendment right not to be subjected to excessive fines or cruel and unusual punishments when it sentenced Shoregate to a 180-day jail term and a $1,000.00 fine for each count of which Shoregate was convicted."

5

Case No. 2024-L-027

**Double Jeopardy**

{¶22} In its first assignment of error, Shoregate contends that the trial court violated its constitutional right against double jeopardy.

{¶23} There is no indication in the record that Shoregate raised this constitutional issue in the trial court. Thus, Shoregate has waived all but plain error. *See State v. Foust*, 2004-Ohio-7006, ¶ 139. To establish plain error, there must be "a deviation from a legal rule" that was an "'obvious' defect in the trial proceedings" and that "affected the outcome of the trial." *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002); Crim.R. 52(B).

{¶24} The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." The Double Jeopardy Clause protects against three abuses: (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. *State v. Mutter*, 2017-Ohio-2928, ¶ 15.

{¶25} Shoregate argues that it was effectively "acquitted" in the trial court's "first" and "second" judgment entries because the trial court found Mr. Getachew and Ms. Indale guilty. This argument is incorrect for several reasons.

{¶26} First, this court already addressed and rejected this argument in *Shoregate I*, 2024-Ohio-700 (11th Dist.). While Shoregate asserts that our determination was "dicta," we disagree. "Obiter dictum" is defined as "[a] judicial comment made while delivering a judicial opinion, but one that is unnecessary to the decision in the case and therefore not precedential (although it may be considered persuasive)." *Black's Law Dictionary* (12th Ed. 2024). Our prior determination was essential to our decision because it defined the

6

extent of the trial court's error and was the reason we remanded solely for resentencing. *See Shoregate I* at ¶ 31, 35. Shoregate did not appeal our decision to the Supreme Court of Ohio. Thus, it is the law of the case. *See State v. Taylor*, 2024-Ohio-1752, ¶ 25. "The law of the case . . . 'doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels.'" *Hopkins v. Dyer*, 2004-Ohio-6769, ¶ 15, quoting *Nolan v. Nolan*, 11 Ohio St.3d 1, 3 (1984).

{¶27} Second, the trial court's October 2023 judgment entry filed after our first remand was a "nunc pro tunc" entry, not a substantive legal decision. "Nunc pro tunc" means "now for then." *State v. Lester*, 2011-Ohio-5204, ¶ 19. "Nunc pro tunc entries are used to make the record reflect what the court actually decided." *Id.* at ¶ 18. "Therefore, a nunc pro tun entry by its very nature applies retrospectively to the judgment it corrects." *Id.* at ¶ 19.

{¶28} Finally, the trial court's March 2024 judgment entry was filed after this court's reversal and remand in *Shoregate I*. "[J]eopardy does not attach to a sentence that has been invalidated and, therefore, a trial court's imposition of a new sentence does not constitute double jeopardy." *State v. Christian*, 2020-Ohio-828, ¶ 21. This is not a situation in which Shoregate is being punished more than once. Rather, the resentencing represented a correction and clarification of the first sentencing. Shoregate is being punished only once. *See id.* at ¶ 22.

{¶29} Accordingly, there is no double jeopardy violation. Shoregate's first assignment of error is without merit.

7

**Sentencing**

**{¶30}** Shoregate's second and third assignments of error involve the trial court's sentences. Therefore, we review them together.

**{¶31}** Misdemeanor sentencing lies within the discretion of the trial court and will not be disturbed absent an abuse of that discretion. *State v. Hogya*, 2023-Ohio-342, ¶ 14 (11th Dist.). An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2010-Ohio-1900, ¶ 62 (2d Dist.), quoting *Black's Law Dictionary* (8th Ed. 2004). "When a pure issue of law is involved in appellate review, the mere fact that the reviewing court would decide the issue differently is enough to find error." *Id.* at ¶ 67. "By contrast, where the issue on review has been confided to the discretion of the trial court, the mere fact that the reviewing court would have reached a different result is not enough, without more, to find error." *Id.*

*Jail Terms*

**{¶32}** In its second assignment of error, Shoregate contends that the trial court exceeded its legal authority by sentencing it to suspended jail terms.

**{¶33}** Shoregate argues that a trial court is precluded from sentencing an organization to jail. In support of this proposition, Shoregate cites R.C. 2901.23(A)(3), 2929.31(A), and *State v. Nite Clubs of Ohio, Inc.*, 2004-Ohio-4989 (7th Dist.).

**{¶34}** R.C. 2901.23(A)(3) provides, "An organization may be convicted of an offense under any of the following circumstances: . . . [t]he offense consists of an omission to discharge a specific duty imposed by law on the organization."

**{¶35}** R.C. 2929.31(A) provides, in relevant part, "Regardless of the penalties provided in sections 2929.02, 2929.14 to 2929.18, and 2929.24 to 2929.28 of the Revised

8

Code, an organization convicted of an offense pursuant to section 2901.23 of the Revised Code shall be fined in accordance with this section." The 1973 comments from the Legislative Service Commission provide, in relevant part, "Under the criminal code, an organization such as a corporation, partnership, or joint venture can be convicted of any offense under certain circumstances (See, section 2901.23). Since an organization cannot be jailed, this section provides a separate schedule of fines to be applied in such cases."

{¶36} In *Nite Clubs*, 2004-Ohio-4989 (7th Dist.), a night club bouncer allegedly menaced and assaulted a patron. *Id.* at ¶ 2. His employer, a corporation, was charged through R.C. 2901.23 with menacing in violation of R.C. 2903.22 and with assault in violation of R.C. 2903.13. *Id.* The corporation reached a plea agreement in which it agreed to plead no contest to one count of assault, a first-degree misdemeanor, in violation of R.C. 2903.13. *Id.* at ¶ 3. The trial court sentenced the corporation to a 180-day suspended jail term, six months of probation, and a $1,000 fine. The corporation's president was ordered to serve the term of probation and any jail sentence imposed in the event of a probation violation. *Id.* On appeal, the Seventh Appellate District found that the trial court abused its discretion in sentencing the corporation to jail time. *Id.* at ¶ 13. The court found that the "commentary that follows the statute [R.C. 2929.31] and case law from other districts shows a strong indication that an organization cannot be sentenced to jail." *Id.* at ¶ 12.

{¶37} Shoregate argues that based on the foregoing authority, the only appropriate punishment for an organization that has been convicted of a criminal offense

Case No. 2024-L-027

are those set forth in R.C. 2929.31, none of which include jail time, suspended or otherwise.

**{¶38}** The premise of Shoregate's argument is incorrect. Shoregate was not charged with violating R.C. 2901.23(A)(3). Rather, it was charged with violating the PM Code as adopted in Willowick's ordinances, i.e., WCO 1367.01 et seq. WCO 1367.04 provides, "Any *person* who shall violate a provision of this code shall, upon conviction, be imprisoned for a definite term or fined, or both, which term of imprisonment shall not exceed six months and which fine shall not exceed one thousand dollars ($1,000), at the discretion of the court. Each day that a violation continues after due notice has been served shall be deemed a separate offense." (Emphasis added.) The PM Code defines "person" as "[a]n individual, corporation, partnership or any other group acting as a unit." PM Code, § 202. While we acknowledge that it is physically impossible to jail an organization, Shoregate has not established that the trial court's imposition of jail terms was legally prohibited.

**{¶39}** Further, the dissent uses a false equivalency to argue that the opinion in *Nite Club* should control in our district and requires us to vacate the jail term and the probation portions of the sentence.

**{¶40}** While there is a similarity in the prefatory language of R.C. 2929.31(A) and WCO 501.99(g)(1), the similarity ends there. The plain language of the ordinance permits the full panoply of sanctions. We interpret municipal ordinances and resolutions in the same manner as statutes. *See Shampton v. Springboro*, 2003-Ohio-1913, ¶ 30, and it is axiomatic that courts are not to impose nonsensical readings of a statute if alternative interpretations consistent with the legislative purpose are available. *Donovan v.*

10

*FirstCredit, Inc.*, 983 F.3d 246, 254 (6th Cir. 2020). "The canon in favor of strict construction of criminal statutes is not an obstinate rule that overrides common sense and evident statutory purpose. The canon is satisfied if the statutory language is given fair meaning in accordance with the manifest intent of the General Assembly." *Lakewood v. El-Hayek*, 2006-Ohio-7320, ¶ 16 (M.C.), citing *State v. Warner*, 55 Ohio St.3d 31, 47 (1990).

{¶41} We find the Eighth District's sanctions analysis in *Cleveland v. Pentagon Realty, L.L.C.*, 2019-Ohio-3775 (8th Dist.), a building code violation case, to be on point and more persuasive. While the court in *Pentagon Realty* held that the trial court exceeded the bounds of permissible community control sanctions against the corporate entity by ordering past tax returns and monthly bank statements to be disclosed, it did not vacate the probation portion of the sentence. *Id.* at ¶ 17.

{¶42} The court explained that "[t]he overriding purposes of misdemeanor sentencing are 'to protect the public from future crime by the offender and others and to punish the offender.' R.C. 2929.21(A). And a misdemeanor sentence 'shall be reasonably calculated to achieve the two overriding purposes of misdemeanor sentencing . . . .' R.C. 2929.21(B). To achieve these purposes, '"the sentencing court shall consider the impact of the offense on the victim, the need to change the offender's behavior, the need to rehabilitate the offender, and the desire to make restitution to the victim and/or the public."'" *Pentagon Realty* at ¶ 8, quoting *Cleveland v. Go Invest Wisely, L.L.C.*, 2011-Ohio-3047, ¶ 8 (8th Dist.), quoting *State v. Downie*, 2009-Ohio-4643, ¶ 45 (7th Dist.).

{¶43} We agree with the Eighth District that in building or housing code violation cases, "the primary goal of the court is to correct the violation and bring the property into

11

compliance with all building codes, rather than punish the defendant for misconduct." *Id.* at ¶ 9. To that end, the trial court has "broad discretion in fashioning a sentence to determine the most effective way to bring about compliance." *Id.* at ¶ 10. "Therefore, unless a specific sanction is either required or precluded by law, a trial court may impose upon a misdemeanor offender any sanction or combination of sanctions under R.C. 2929.24 to 2929.28." *Id.* "For a building code violation, other than for a minor misdemeanor, the penalties set forth by statute or ordinance may include fines, jail time, and community control sanctions for a maximum of five years." *Id.*

**{¶44}** Cogent to the sentence here, the Eighth District's reading of R.C. 2929.31 and its legislative comments comports with ours, and it noted that in ordering community control sanctions, a trial court has the discretion to "'impose additional conditions aimed at preserving the interest of justice, protection of the community, and the rehabilitation of the offender.'" *Id.* at ¶ 11, quoting *North Olmsted v. Rock*, 2018-Ohio-1084, ¶ 32 (8th Dist.).

### *Excessive Fines/Cruel & Unusual Punishments*

**{¶45}** In its third assignment of error, Shoregate contends that the trial court violated its constitutional rights against excessive fines or cruel and unusual punishments.

**{¶46}** The Eighth Amendment to the United States Constitution and Article I, Section 9 of the Ohio Constitution both prohibit the imposition of "excessive fines" and the infliction of "cruel and unusual punishments." The Supreme Court of the United States has not addressed whether the Eighth Amendment protects organizations as well as individuals. *See Browning-Ferris Industries of Vermont, Inc. v. Kelco Disposal, Inc.*, 492 U.S. 257, 276 (1989), fn. 22 ("We shall not decide . . . whether the Eighth Amendment

12

Case No. 2024-L-027

protects corporations as well as individuals"). Even assuming the constitutional protections apply to Shoregate, its arguments lack merit.

{¶47} Shoregate first argues that the trial court imposed excessive fines. According to Shoregate, a fine is excessive if the amount is grossly disproportionate to the offense committed, and courts must consider several factors to conduct that analysis. Shoregate then sets forth a series of arguments to purportedly establish that the trial court did not consider those factors.

{¶48} The premise of Shoregate's argument is once again incorrect. The authorities upon which it relies involved statutes requiring forfeiture of property following a criminal conviction. *See State v. O'Malley*, 2022-Ohio-3207, ¶ 37; *State v. Lee*, 2004-Ohio-6954, ¶ 55 (11th Dist.); *United States v. Bajakajian*, 524 U.S. 321, 334 (1998). "[P]rior to entering an order of forfeiture, the trial court must make an independent determination whether forfeiture of that property is an 'excessive fine' prohibited by the Excessive Fine Clauses of the Ohio and United States Constitutions." *State v. Hill*, 70 Ohio St.3d 25 (1994), syllabus. Here, by contrast, the trial court imposed fines as part of 15 misdemeanor sentences. Thus, the cited authority is wholly inapplicable.

{¶49} Shoregate also argues the trial court's sentences constitute cruel and unusual punishments. The Supreme Court of Ohio has explained that "'[c]ases in which cruel and unusual punishments have been found are limited to those involving sanctions which under the circumstances would be considered shocking to any reasonable person.' . . . Furthermore, 'the penalty must be so greatly disproportionate to the offense as to shock the sense of justice of the community.'" *State v. Weitbrecht*, 86 Ohio St.3d 368, 371 (1999), quoting *McDougle v. Maxwell*, 1 Ohio St.2d 68, 70 (1964). "As a general rule,

13

Case No. 2024-L-027

a sentence that falls within the terms of a valid statute cannot amount to a cruel and unusual punishment." *McDougle* at 69. The court has also held that the Eighth Amendment proportionality review focuses on the sentence imposed for each specific crime, not on the cumulative sentence. *See State v. Hairston*, 2008-Ohio-2338, ¶ 17.

**{¶50}** WCO 1367.04 expressly authorized each individual sentence that the trial court imposed, and Shoregate does not challenge the ordinance's validity. Thus, there are no cruel and unusual punishments.

**{¶51}** In sum, the trial court did not abuse its discretion in sentencing Shoregate. Shoregate's second and third assignments of error are without merit.

**{¶52}** For the foregoing reasons, the judgment of the Willoughby Municipal Court is affirmed.

JOHN J. EKLUND, J., concurs,

MATT LYNCH, J., concurs in part and dissents in part, with a Dissenting Opinion.

_____

MATT LYNCH, J., concurs in part and dissents in part, with a Dissenting Opinion.

**{¶53}** I fully concur in the majority's disposition of the first and third assignments of error. I dissent, however, with respect to the second assignment of error. The municipal court in the present case is not authorized under the Willowick Codified Ordinances to impose either a jail sentence or probation on an organizational offender. Accordingly, I dissent and would vacate those portions of the underlying sentence.

**{¶54}** Shoregate Towers relies on *State v. Nite Clubs of Ohio, Inc.*, 2004-Ohio-4989 (7th Dist.), in support of its argument that a monetary fine is the only appropriate

14

Case No. 2024-L-027

sentence. In *Nite Clubs*, Nite Clubs was convicted of Assault in violation of R.C. 2903.13 and sentenced to a suspended 180 days in jail, six months of probation, and a $1,000 fine. Nite Clubs' president was ordered to serve the probation and any jail sentence imposed for violating probation. *Id.* at ¶ 3. The court of appeals vacated the jail sentence and probation because it violated the organizational penalties statute, R.C. 2929.31. The statute essentially fixes the possible criminal penalties for a business organization as fines in varying amounts. Because a jail sentence and probation are not authorized, they could not be lawfully imposed and, accordingly, were vacated. *Id.* at ¶ 11-13.

{¶55} The majority recognizes the holding of *Nite Clubs* but concludes that it does not apply in the present case because Shoregate Towers was charged under the Willowick Codified Ordinances rather than the Revised Code. The majority fails to recognize that the Revised Code and Willowick Codified Ordinances are substantially similar. *Compare* R.C. 2929.31(A):

> Regardless of the penalties provided in sections 2929.02, 2929.14 to 2929.18, and 2929.24 to 2929.28 of the Revised Code, an organization convicted of an offense pursuant to section 2901.23 of the Revised Code shall be fined in accordance with this section. The court shall fix the fine as follows …

*with* Willowick Cod.Ord. 501.99(g)(1):

> Regardless of the other penalties provided in division (a) hereof, an organization convicted of an offense pursuant to Section 501.11 shall be fined by the court as follows …

{¶56} Further, *Nite Clubs* makes it clear that "'shall' creates a mandatory duty on the trial court to impose a fine in accordance with the statute's schedule." *Nite Clubs* at ¶ 11. Construing this language with the fact, recognized by the majority, "that it is physically impossible to jail an organization," *supra* at ¶ 38, I would conclude that

15

Case No. 2024-L-027

Willowick's version of the organizational penalties statute precludes the imposition of jail time and probation as part of Shoregate Towers' sentence.

{¶57} For the foregoing reasons, I respectfully dissent from the second assignment of error.

Case No. 2024-L-027